State v. Cobb.

---

THE STATE v. HENRY K. COBB, Appellant.

Division Two, June 5, 1925.

1. **APPELLATE JURISDICTION**: Search Warrant: Violation of Constitutional Right. A motion filed in the trial court charging that a certain search warrant and its admission in evidence violated certain designated parts of the Federal and Missouri Constitution, and appellant's insistence on such constitutional questions in his brief, give this court jurisdiction of the appeal, whether the offense charged is a felony or misdemeanor.

2. **INFORMATION**: Motion to Quash. If the motion to quash the information is not incorporated in or called for by the bill of ex-

State v. Cobb.

ceptions, the action of the court in overruling it is not subject to review in the appellate court.

3. **SEARCH WARRANT:** Issued by Justice of Peace: Upon Verified Application. Justices of the peace, by the Act of 1923, Laws 1923, p. 244, have the same power to issue search warrants in proceedings to enforce the prohibition laws as is given by the act to circuit or criminal courts; and under said act an application by the prosecuting attorney in which he stated that "in the building known as residence and upon the premises of one K. Cobb in Howell County, Missouri, certain intoxicating liquors are being manufactured, sold and possessed, and that the residence of said K. Cobb is being used as a place of public resort" was sufficient to authorize the justice of the peace before whom it was filed to issue a search warrant, and a warrant which recited the same facts was a substantial compliance with the statute and shows that it appeared "to the satisfaction" of the justice that there was "probable cause to believe that intoxicating liquor" was "being manufactured, sold, stored or kept," etc.

4. ———: Evidence: Seizure. Contraband articles obtained without a search, although described in the search warrant, may be used in evidence. The search warrant authorized the sheriff to enter, by force if necessary, defendant's dwelling house and out-buildings and seize and produce in court intoxicating liquors being manufactured, sold or possessed therein. The sheriff did not search defendant personally, or his dwelling house or out-buildings, or disturb any member of his family, but he found a jar of wine in his wagon, and several jars in the weeds near the wagon, and fifteen gallons in a barrel hidden in a rock pile several hundred yards from his house. *Held*, that whether the search warrant was valid, or whether one was issued at all, the sheriff, without any search warrant, was authorized to seize the wine, and it was proper to use it as evidence in the trial of defendant under an information charging that he did unlawfully and wilfully manufacture, brew and have in his possession certain intoxicating liquors, to-wit, fifteen gallons of wine.

Corpus Juris-Cyc. References. Courts, 15 C. J., Section 512, p. 1081, n. 64, 65. Criminal Law, 16 C. J., Section 1098, p. 567, n. 95; 17 C. J., Section 3459, p. 168, n. 90 New. Intoxicating Liquors, 33 C. J., Sections 371, p. 675, n. 2; 372, p. 677, n. 15; 376, p. 679, n. 44 New; 505, p. 761, n. 53.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris, Judge.*

State v. Cobb.

AFFIRMED.

*J. L. Van Wormer* for appellant.

(1)   The application or so-called petition of the prosecuting attorney does not comply with Section 11, Article 2, of the Constitution of the State or Section 25, page 244, Laws 1923, as no facts are set forth in said application, upon which same is based, describing the place to be searched and the things to be seized as nearly as may be.  As there was nothing upon which to base the alleged search warrant it was a nullity, and should have been quashed and the evidence suppressed. See Laws 1923, p. 244, sec. 25; State v. Lock, 259 S. W. 122; State v. Smith, 262 S. W. 65.   (a)   There were no facts contained in said application, or alleged facts from any other source, upon which the justice of the peace could have based a judicial finding that there was probable cause for the issuance of the alleged search warrant.   Consequently said search was illegal and void, and all evidence gained thereby should have been suppressed.   State v. Lock, 259 S. W. 122; State v. Tunnell, 259 S. W. 129; Laws 1923, p. 244, sec. 25; State v. Smith, 262 S. W. 65; Lakes v. Commonwealth, 200 Ky. 266, 254 S. W. 908.   (b)   No search warrant shall be issued unless the judge has first been furnished with facts under oath—not suspicions, beliefs or surmises—but facts which tend to establish the necessary legal conclusion and tend to establish probable cause for believing that the legal conclusion is right.   Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338; State v. Lock, 259 S. W. 122; State v. Smith, 262 S. W. 65; State v. Peterson, 19 Pac. 342; 13 A. L. R. 1287.   (c)   There was no finding of probable cause by the justice.   The finding of the legal conclusion or of probable cause, from the exhibited facts, is a judicial finding that cannot be delegated and should find expression in the search warrant. United States v. Tureand, 20 Fed. 624; State v. Lock, supra.   (d)   There was no statement of facts whatever

in the search warrant. The search warrant itself should contain facts, so that the accused may know whether his rights are in jeopardy. The proceedings were insufficient and the search warrant illegal and void. State v. Lock, 259 S. W. 122. (e) The search warrant did not describe with reasonable particularity the place to be searched as provided by Sec. 11, Art. 2, Missouri Constitution, and Sec. 25, page 244, Laws 1923. It is plain that the Constitution permits a search to be made only when the search warrant describes the place to be searched with particularity. State v. Lock, 259 S. W. 124; Smith v. McDuffee, 72 Ore. 276. (f) There was no consent such as the law recognizes on the part of the defendant. When told by the officer that he had a search warrant, the defendant merely said all right go ahead and search. This was simply submitting peaceably to the implied authority and coercion of the sheriff and his assistant. There was no waiver of his constitutional rights in this instant case. State v. Lock, 259 S. W. 124; Dukes v. United States, 275 Fed. 142; Gouled v. United States, 225 U. S. 298, 65 L. Ed. 647; State v. Owens, 259 S. W. 100. (g) Searches and seizures are unreasonable that do not follow the Constitution; and a search warrant issued without probable cause does not follow it and is void. State v. Lock, 259 S. W. 124; State v. Owens, 259 S. W. 101. (2) It was a plain violation of defendant's constitutional rights to permit the State, over the objection of defendant, to exhibit to the jury and introduce in evidence the alleged jars of wine and other articles seized by the officers in the execution of the illegal search warrant. State v. Owens, 259 S. W. 102; State v. Lock, 259 S. W. 124; Youman v. Commonwealth, 189 Ky. 165, 224 S. W. 866; 13 A. L. R. 1303; Weeks v. United States, 232 U. S. 383, 58 L. Ed. 652, L. R. A. 1915 B, 834, Ann. Cas. 1915 C, 1177. (3) The prosecuting attorney admitted when placed on the stand by the defendant in support of his motion to quash the search warrant and suppress the evidence, that his statement contained in his application for a search warrant, that

State v. Cobb.

defendant was in possession of intoxicating liquors, was based on "reports" made to him by others not named, and there was no other evidence before the justice of the peace. To justify the issuance of a search warrant there must be an affidavit filed based on something more than rumor or hearsay, or evidence must be taken before the justice issuing the warrant. State v. Miller, 266 S. W. 1024; State v. Smith, 262 S. W. 65; State v. Tunnell, 259 S. W. 129; Arnold v. Commonwealth, 267 S. W. 190; Maynard v. Commonwealth, 201 Ky. 593, 257 S. W. 1024.

*Robert W. Otto, Attorney-General,* and *James A. Potter,* Special Assistant Attorney-General, for respondent.

(1) The evidence offered, assuming that it was admissible at all, was entirely sufficient to carry the case to the jury and to justify appellant's conviction. (2) The court committed no error in overruling the motion to suppress the evidence. The Constitution of Missouri does not prohibit searches without a warrant. It does prohibit unreasonable searches either with or without a warrant. The evidence offered in support of the motion to suppress the evidence does not show that any of the evidence in the possession of the officers was procured by an unreasonable search of the appellant's home. The only liquor referred to at all in this evidence was a one-half gallon jar found in appellant's wagon. The evidence does not show where the wagon was located nor whether it was within the curtilage of appellant's home. It was the duty of the appellant to offer clear and convincing testimony to show that the wagon was within the curtilage, otherwise the search of the wagon by an officer was not an unreasonable search. Hutchins v. State, 59 S. E. 848; State v. Taylor, 42 Me. 329; Commonwealth v. Barney, 64 Mass. 482; Commonwealth v. Intoxicating Liquors in Vessels, 3 N. E. 5; Cook v. State, 83 Ala. 63; Curkendall v. People, 36 Mich. 309; People v. Chiagles, 142 N. E. 583; Francis v. State, 221 Pac.

785; Angello v. United States, 290 Fed. 671; United States v. McBride, 287 Fed. 214; McClannan v. State, 116 S. E. 495. (3) Even though the evidence offered on the motion to suppress could be held to show that the wagon was within the curtilage the appellant waived his constitutional right by telling the officers to go ahead and search. State v. Allen, 251 S. W. 69; Meno v. State, 142 N. E. 382. (4) The evidence in support of the motion to suppress does not show that the wine found in the wagon was not visible without a search. If the liquor in the wagon was visible without a search no search warrant was necessary. Ferrell v. Commonwealth, 264 S. W. 1078. (5) The wine found in the wagon was not claimed by appellant and he denied any knowledge of its presence in the wagon or his ownership therein. In the absence of proof that the wagon was on his premises at the time he cannot claim the protection of the statute. Ragland v. Commonwealth, 265 S. W. 15.

RAILEY, C.—On September 27, 1924, the Prosecuting Attorney of Howell County, Missouri, filed in the circuit court of said county a verified information, which, without caption and verification, reads as follows:

"B. L. Rinehart, Prosecuting Attorney within and for the County of Howell, State of Missouri, informs the court that one Henry K. Cobb, did on or about the 12th day of July, 1924, willfully and unlawfully manufacture, brew and have in his possession certain intoxicating liquors, to-wit: 15 gallons of wine, against the peace and dignity of the State.

"B. L. RINEHART, Prosecuting Attorney."

The case was tried before a jury, and on October 7, 1924, the following verdict was returned:

"We, the jury in the above entitled cause find the defendant Henry K. Cobb, guilty of having and possessing intoxicating liquor, to-wit, wine, as charged in the information, and we do assess his punishment at $100 fine." Thereafter, in due time, defendant filed motions for a new trial and in arrest of judgment, both of which

were overruled. Thereafter judgment was rendered in conformity to the verdict aforesaid, and an appeal was granted defendant to this court.

On July 9, 1924, the Prosecuting Attorney of Howell County, Missouri, prepared a verified statement, and filed the same with George Halstead, a justice of the peace in said county. It reads as follows:

"To George Halstead, Justice of the Peace, Howell Township. I. B. L. Rinehart, Prosecuting Attorney duly elected, commissioned, sworn, qualified, installed and acting as such in and for the County of Howell, in the State of Missouri, state that in the building known as residence and upon the premises of one K. Cobb in Howell County, Missouri, certain intoxicating liquors are being manufactured, sold and possessed, and that the residence of said K. Cobb is being used as a place of public resort, contrary to law," etc.

The search warrant complained of reads as follows:

"SEARCH WARRANT (LIQUOR CASES)
"STATE OF MISSOURI⎤
�months}ss:
"COUNTY OF HOWELL⎦

"The State of Missouri to the Sheriff of Howell County, Greetings:

"WHEREAS, B. L. Rinehart, Prosecuting Attorney of Howell County, Missouri, on the 9th day of July, 1924, filed a statement in my office verified by his oath, in which he says that he verily believes that certain intoxicating liquors are being manufactured, sold and possessed, and that the residence of K. Cobb is being used as a place of public resort, in the building known as dwelling house of K. Cobb, in Howell County, Missouri, contrary to law.

"This is therefore to command you, in the name of the State of Missouri, to enter by force if necessary the building known as dwelling and out-buildings of K. Cobb, in Howell County, Missouri, and if any such liquors be

State v. Cobb.

found therein to bring the same before the court, that they can be disposed of according to law. .

"IN WITNESS WHEREOF, I have hereunto set my hand as Justice of the Peace of Howell Township, Howell County, Missouri, and affixed the seal of said court at my office at West Plains, Mo., this 9th day of July, A. D., 1924.

"Geo. Halstead, J. P."

The return on said warrant is as follows:

"I certify that I executed the within Writ in the County of Howell on the 9th day of July, A. D. 1924, by searching for and finding 15 or 16 gal. of blackberry wine, and four quarts in half gal. jars.

"J. B. Aldridge, Sheriff of Howell County, Mo."

The evidence on behalf of the State tended to prove the following facts:

J. B. Aldridge, Sheriff of Howell County, after receiving the above search warrant, went to appellant's home in said county on July 9, 1924, with one or two deputies, but when they arrived at his farm they discovered that he and his family were absent from home. They did not attempt to search the house, but did walk over some part of defendant's land and adjoining lands before appellant returned home. While the officers were searching on adjoining lands, appellant and his family were seen to return home in a wagon. The latter stopped at the house, and the family left the wagon and entered their home. The defendant then drove the wagon and team down to the barn lot, a considerable distance from the house, and unhitched his team. About this time the officers approached appellant at his wagon, and informed him that they had a search warrant, but they did not read the warrant to him. Appellant told them to go ahead and search the place. In obedience to the permission of defendant, the officers found a jar of wine in appellant's wagon, and also several jars of wine in the weeds near the wagon. They also found about fifteen gallons of wine in a barrel, which was hidden in a

large rock pile some 350 to 400 yards from appellant's house. The officers never at any time searched appellant's home, nor any of the premises near his house. The liquid found upon appellant's premises was preserved by the officers, was identified as wine and offered in evidence.

The testimony of defendant tended to show that the place where he and his family were living belonged to his mother. Elmer Bray had lived on the place the year before. Appellant testified that he and his family came home about two o'clock; that they unloaded their groceries, and he drove the wagon and team down to the barn; that he fed the horses, and about thirty minutes thereafter the sheriff and other officers came to the barn. The defendant and his family denied all knowledge of the wine, knew nothing about the barrel in the rock pile. He said the sheriff told him he had a search warrant and he told the sheriff to "go ahead and search."

The State offered some testimony in rebuttal tending to show knowledge on the part of the defendant as to the location of the wine taken by the officers.

The instructions and rulings of the court during the progress of the trial will be considered in the opinion.

I. The defendant filed in the circuit court a motion to quash the search warrant and to suppress the evidence obtained thereunder. Among other things said motion charges: "That said search warrant is and was illegal and void as being in violation of the Fourth and Fifth Amendments to the Constitution of the United States, and of Section 11 of Article 2 and Section 23 of Article 2 of the Constitution of the State of Missouri, providing that the people shall be secure in their persons, homes and effects from unreasonable searches and seizures, and that no warrant to search any place or seize any person or thing shall issue without probable cause, supported by oath or affirmation reduced to writing; and providing further that no person shall be

Appellate Jurisdiction.

compelled to testify or furnish evidence against himself in a criminal cause.''

A hearing was had upon the above motion before the court, and the latter overruled same. Paragraph five of defendant's motion for a new trial, reads as follows:

''Because the court erred in overruling defendant's motion to quash said illegal and void search warrant and suppress all the evidence of the sheriff and his deputy gained under and by virtue thereof, said pretended search warrant not being in conformity with, and being in violation of, Sections 11 and 23 of Article 2 of the Constitution of the State of Missouri.''

The constitutional questions aforesaid are still asserted and relied on by appellant in his brief. It is therefore immaterial whether the charge against defendant be considered as a felony or misdemeanor, as jurisdiction is conferred upon this court by reason of the constitutional questions heretofore mentioned.

II. The first assignment of error, made in appellant's brief, charges the court with error in overruling
Motion to defendant's motion to quash the information.
Quash. The motion to quash the information contains three grounds, as follows: First, that the names of all the witnesses for the State are not indorsed on the information; second, that two separate and distinct offenses are charged in one count of said alleged information, one a felony and one a misdemeanor; third, said alleged information is so vague and indefinite as not to inform this defendant, clearly and definitely, of the offense with which he is charged.

The motion to quash the information is not incorporated in the bill of exceptions, nor is it called for therein. The action of the court in overruling said motion is not therefore the subject of review here. [State v. Griffin, 98 Mo. l. c. 674 and cases cited; Hays v. Foos, 223 Mo. 421; Betzler and Clark v. James, 227 Mo. l. c. 387; St. Louis v. Henning, 235 Mo. l. c. 51.; Blanchard v. Dorman, 236 Mo. l. c. 439; Haggerty v. Ruth, 259 Mo. 221; State ex

State v. Cobb.

inf. v. Morgan, 268 Mo. l. c. 271; State v. Sanders, 252 S. W. (Mo.) l. c. 634; State v. Sadowski, 256 S. W. (Mo.) 753.]

III. · Appellant contends that the verified application of the prosecuting attorney filed with the justice of the peace, and heretofore set out, fails to comply with Section 11, Article 2, of the Constitution of Missouri, or of Section 25, page 244, Laws of Missouri of 1923, as no facts are set forth in said application, upon which same is based, describing the place to be searched and the things to be seized as nearly as may be.

Search Warrant: Application.

Section 11 of Article 2 of our Constitution provides: "That the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by oath or affirmation reduced to writing."

Section 25 of the Laws of 1923, at page 244, cited by appellant, reads as follows:

"The Attorney-General of the State of Missouri, or the prosecuting attorney of any county, or any prohibition enforcement officer, is hereby empowered to file in the circuit court, criminal court, court of criminal correction, or any other court having criminal jurisdiction in the county, or before the judge thereof in vacation, or justice of the peace, an application for a search warrant, which application shall be by petition setting forth substantially the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same. If it shall appear to the satisfaction of the court in which said petition is filed, or the judge thereof in vacation, or justice of the peace before whom said petition shall be filed, either from the facts set forth in said petition, or from

evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept in any building, structure, or at any place described in said petition, within said county or transported, as in this article defined, contrary to the provisions of this act or of any of the provisions of Article 7, Chapter 52, Revised Statutes 1919, or acts amendatory thereof, or that thereat or therein is [being] being used or kept any still, doubler, worm, worm tub, mash, mash tub, fermenting tub, vessel, fixture or equipment, or any part or parts thereof used or fit for use in the unlawful manufacture or production of intoxicating liquor, it shall be the duty of such court or such officer before which or whom said petition was filed, to issue or cause to be issued a search warrant thereon, which search warrant shall substantially recite the facts set forth in said petition, and it shall thereupon be the duty of the officer executing such search warrant forthwith to enter any such building, structure, place or vehicle," etc.

Section 1, Laws 1923, page 237, provides that:

"This entire act is hereby declared, and shall be deemed and construed, to be an act of the General Assembly of the State of Missouri, for the protection of the economic welfare, peace, health, safety, and morals, of its inhabitants, and all of the provisions of this act shall be liberally construed for the accomplishment of said purposes, or any thereof."

Turning to the cases relied on by appellant, we find that in State v. Owens, 302 Mo. 348, the sheriff, without any warrant or process searched defendant and took whiskey from his pocket. The Owens case does not rule the case at bar and is without application to the facts involved here. In State v. Lock, 302 Mo. 400, the search warrant was issued by the circuit clerk who was not a judicial officer, and who possessed no such powers as those conferred upon justices of the peace in Section 25 of the Laws of 1923, at page 244, heretofore quoted. In the latter act, justices of the peace are placed on the

same plane with the circuit court, or criminal courts of the State. In other words, if the prosecuting attorney had filed his application for a warrant in the circuit court, and the latter had issued the same kind of a search warrant as that issued in this case, would it be declared a nullity in this collateral proceeding? In State v. Tunnell, 302 Mo. 660, the search warrant was also issued by the circuit clerk and, hence, what we said in regard to State v. Lock applies with equal force to this case. We are also cited to the opinion of FARRINGTON, J., in State v. Smith, 262 S. W. 65, which is the only Missouri case cited that attempts to deal with the present law. In the Smith case the prosecuting attorney "merely stated that he was informed by citizens of the township," etc. On page 65 Judge FARRINGTON quotes from Section 25 of the Laws of 1923, to the effect that if it appear to the satisfaction of the justice, "either from the facts set forth in the petition or from evidence heard thereon," that there is probable cause to believe, etc., then he may issue a search warrant.

The application of the prosecuting attorney heretofore set out states that "in the building known as residence and upon the premises of one K. Cobb in Howell County, Missouri, certain intoxicating liquors are being manufactured, sold and possessed, and that the residence of said K. Cobb is being used as a place of public resort." This statement was stronger than probable cause, and stated the facts specifically as the evidence of the State tended to show.

Regardless of the vast amount of legal learning displayed by the numerous courts in discussing the law relating to search and seizure, we are of the opinion that the trial court, on the facts here presented, committed no error in overruling appellant's motion to quash the search warrant and evidence secured thereunder. [State v. Perry, 267 S. W. (Mo.) l. c. 831.]

IV. Leaving out of consideration the search warrant in this case, it is clear that the sheriff did not

**Seizure.** search defendant's house or any of the buildings adjacent thereto. He did not search the defendant personally, nor did he disturb any of the members of defendant's family. The barrel containing wine was found in a rock pile some distance from defendant's house and his lantern was found there with the barrel. The officers also found about three gallons of wine hidden in the bushes some distance from the house, aside from that found in defendant's wagon which he had driven to the barn a few minutes before. We are of the opinion that, without any search warrant, the officers were justified in seizing the wine found on defendant's premises, and that a portion of same was properly used as evidence at the trial. [State v. Zugras, 267 S. W. (Mo.) 804; Brent v. Commonwealth, 194 Ky. 504, 511, 240 S. W. 45, 49; Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795; Keith v. Commonwealth, 197 Ky. 362, 247 S. W. 42; Cotton v. Commonwealth, 254 S. W. (Ky.) 1. c. 1062.]

V. While the defendant at the trial formally objected to the instructions given by the court, he does not point out in his brief any legal objection to said instructions or either of them. Upon examination **Instructions.** of same we hold that they properly declared the law, and that no other instructions were necessary to enable the jury to intelligently pass upon the merits of the case.

VI. We have carefully considered all the questions raised in appellant's brief, or in the record, and find no ruling of the court of which appellant can legally complain, or which would warrant us in disturbing the verdict rendered in this case. The evidence as to defendant's guilt is clear and convincing. It is evident that he was not tried by a prejudiced jury, as he got off with a hundred-dollar fine.

The judgment below is for the right party and accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.; *White, J.,* concurs in the result, and all of the opinion but Paragraph 3.