STATE OF NORTH CAROLINA v. WILLIAM T. HARDIN

No. 7326SC588

(Filed 12 December 1973)

**Constitutional Law § 30— two year delay between offense and trial — no denial of speedy trial**

Where the prosecuting witness was hospitalized for two years as a result of wounds inflicted by defendant and, in order to testify, the witness was brought to court in an ambulance only two days after his release from the hospital, the delay between the commission of the offense and defendant's trial was not arbitrary or negligent on the part of the State; hence, defendant was not denied his right to a speedy trial.

APPEAL from *Chess, Special Judge,* 19 March 1973 Criminal Session of MECKLENBURG Superior Court.

On 12 December 1972, defendant was charged in a warrant with assault with a deadly weapon with intent to kill in violation of G.S. 14-32(a). The assault was alleged to have occurred on 23 February 1971.

Defendant waived preliminary hearing and was bound over for trial in Superior Court on 5 March 1973, where he moved to dismiss the bill of indictment on the ground that his right to a speedy trial had been violated. The motion was denied, and the State presented the following evidence:

Clarence T. Hardin, father of the defendant, testified that on 23 February 1971 he heard defendant William T. Hardin arguing with his wife, the mother of defendant. Clarence Hardin picked up a scrub hoe and approached the room where defendant and Mrs. Hardin were arguing. When defendant saw Clarence Hardin, he knocked the hoe out of his hand and cut him on the top of the shoulder with a knife. After Clarence Hardin fell to the floor, he was unable to get up, and he was taken to Charlotte Memorial Hospital in an ambulance.

Clarence Hardin remained in Memorial Hospital for a month, in Charlotte Rehabilitation Hospital for two months, and was transferred to the Community Hospital where he remained until he was released on 3 March 1973, two days before the trial. On the date of the trial, Clarence Hardin was unable to walk. He was brought to the courthouse in an ambulance and he testified from a stretcher.

Defendant's motion to dismiss was renewed and denied. Defendant offered no evidence.

*Attorney General Morgan, by Assistant Attorney General Ricks, for the State.*

*Lacy W. Blue for defendant appellant.*

MORRIS, Judge.

Defendant's sole assignment of error is to the trial court's overruling the motion to dismiss the indictment for lack of a speedy trial without making any findings of fact and conclusions of law.

In North Carolina, there is no statute of limitations barring the prosecution of a felony. *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969) ; *State v. Burnett,* 184 N.C. 783, 115 S.E. 57 (1922). G.S. 15-10 merely provides that under certain circumstances the State must release from custody a defendant who has not been speedily tried. *State v. Johnson, supra.* "The constitutional guarantee of a speedy trial, therefore, imposes the only limitation upon purposeful and oppressive delays between the date of a felonious offense and the commencement of the prosecution." *State v. Johnson, supra,* at 272.

The decisions of the Supreme Court of this State make it clear that the constitutional right to speedy trial is violated only when the delay is an *undue* delay, negligently or arbitrarily delayed by the State, or oppressive delay. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972) ; *State v. Johnson, supra.*

"The accused has the burden of showing that the delay was due to the State's wilfulness or neglect. Unavoidable delays and delays caused or requested by defendant do not violate his right to a speedy trial. Further, a defendant may waive his right to a speedy trial by failing to demand or to make some effort to obtain a speedier trial. *State v.*

*Ball,* 277 N.C. 714, 178 S.E. 2d 377; *State v. Hollars,* 266 N.C. 45, 145 S.E. 2d 309; *State v. Lowry and State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 870. The constitutional right to a speedy trial prohibits arbitrary and oppressive delays by the prosecution. *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274." *State v. Spencer, supra,* at 124.

The reason for the delay in the prosecution in the present case is clear from the record. The prosecuting witness was hospitalized for a period of two years as a result of wounds inflicted by defendant. In order to testify, the witness was brought to court in an ambulance only two days after his release from the hospital, and his testimony was taken while he was on a stretcher. We can see no manner in which the delay in this case can be termed arbitrary or negligent on the part of the State. We hold that under the circumstances defendant was not denied his constitutional right to a speedy trial.

No error.

Judges PARKER and VAUGHN concur.