STATE OF NORTH CAROLINA v. STEVE ·MAHLER

No. 7419SC372

(Filed 15 May 1974)

1. **Searches and Seizures § 3— sufficiency of affidavit to support search warrant**

    An affidavit was sufficient to support a finding of probable cause and the issuance of a search warrant where the affidavit described with reasonable certainty the individual involved, the place to be searched, the contraband for which the search was to be made, the basis upon which probable cause was found, information furnished by a confidential informer, the informant's reliability, and additional information known to officers from observation and surveillance of the premises which supported the report given them by the· informant.

2. **Criminal Law § 84; Narcotics § 3— failure to hold voir dire — admissibility of bags of marijuana**

    Since the admissibility of bags of marijuana seized in a search of defendant's home depended upon a question of law and not one of fact, the trial court was not required to hold a voir dire hearing and make findings of fact before allowing the bags into evidence.

ON *certiorari* to review trial before *Seay, Judge,* 9 April 1973 Session of Superior Court held in CABARRUS County.

Defendant was tried upon an indictment charging possession of marijuana with intent to distribute. Three law enforcement officers testified for the State that on 4 February 1973 they obtained a search warrant and went to defendant's house at 706 Boyd Street in Kannapolis. They found defendant at home, searched the house, and found several plastic bags containing a total of 36.90 grams of green vegetable material which was later analyzed and found to be marijuana. The State offered the bags of marijuana in evidence at the trial. Defendant moved to suppress this evidence and quash the search warrant, but the court denied his motion and admitted the evidence.

There was no voir dire hearing upon the admissibility of this marijuana, but there was a voir dire hearing to determine the admissibility of a confession of defendant to the officers that he had bought the marijuana in Charlotte and that he sold marijuana for a living. The court found that this confession of defendant was made freely, understandingly, and voluntarily after having been advised of his constitutional rights, and it was held to be admissible although the record does not disclose that it was actually admitted before the jury.

Defendant did not testify but offered the search warrant and affidavit in evidence. He was found guilty as charged and was sentenced to a prison term of three to five years. This Court granted his petition for certiorari.

   *Attorney General Morgan, by Assistant Attorney General William F. O'Connell, for the State.*

   *Johnson & Jenkins, by Cecil R. Jenkins, Jr., for defendant appellant.*

   BALEY, Judge.

[1]  Defendant contends that the court should have granted his motion to quash the warrant authorizing the search of his house and suppress the evidence obtained by the search. He argues that the warrant was invalid, because the magistrate who issued it was not given sufficient information to justify a finding of probable cause for the search.

   The affidavit submitted to the magistrate as a basis for the search warrant reads as follows:

   "STATE

        v.

   Steve Mahler W/M
   706 Boyd Street, Kannapolis, N. C.

        Lt. H. E. Tucker, Kannaplis Police Dept., Kannapolis, N. C., being duly sworn and examined under oath, says under oath that he has probable cause to believe that Steve Mahler has on his person or/and on his premises certain property, to wit: Marihuana, MDA, THC. . . . The facts which establish probable cause for the issuance of a search warrant are as follows: On 2-4-73 at 9:00 PM a confidential informer who has proven reliable in the past stated to me that Steve Mahler who lives at 706 Boyd Street had in his possession at this time a large amount of marihuana and other illegal drugs for the purpose of sale in his home at 706 Boyd Street. The informer stated that Steve Mahler has been selling drugs for some time. Officers of this department have on recent occasions have had this under surveillance and have observed known drug users enter and leave the house. The informer gave us information one

week ago leading to the arrest and confiscation of illegal drugs, from one Robert Farrell Dixon.

s/ H. E. TUCKER
Signature of Affiant"

This affidavit describes with reasonable certainty the individual involved, the place to be searched, the contraband for which the search is to be made, and the basis upon which probable cause was found. It sets out the information furnished by a confidential informant, explains why the informant was reliable, and contains additional information known to the officers from observation and surveillance of the premises which supported the report given to them by the informant. The affidavit could perhaps be strengthened by including information showing why or how the informant knows about the presence of the contraband, but it is clearly sufficient to support a finding of probable cause and the issuance of the warrant. *State v. Ellington*, 284 N.C. 198, 200 S.E. 2d 177; *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779; *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 2d 723 (1971).

[2] Defendant complains that the trial court did not hold a voir dire hearing and issue findings of fact concerning the admissibility of the bags of marijuana seized in the search of his home. Often the admissibility of evidence depends upon a disputed question of fact—for instance, whether the defendant consented to a search, whether an identification procedure was unduly suggestive, or whether a confession was voluntary. In such a situation, the court must hold a voir dire hearing, and if the evidence is admitted the court must issue findings of fact explaining why it is admissible. *State v. Vestal*, 278 N.C. 561, 578, 180 S.E. 2d 755, 766; *State v. McVay*, 277 N.C. 410, 177 S.E. 2d 874; *State v. Fox*, 277 N.C. 1, 24, 175 S.E. 2d 561, 575. But in this case the admissibility of the bags of marijuana was a question of law. Since the affidavit to obtain a search warrant was sufficient on its face to support a finding of probable cause, the warrant was valid and the evidence was admissible. No disputed issue of fact was involved, and it was unnecessary for the court to hold a voir dire hearing and make findings of fact.

The rights of defendant have been fully protected. The evidence of his guilt is plain. No prejudicial error has been shown in the trial.

No error.

Chief Judge BROCK and Judge PARKER concur.