State v. Setzer

---

STATE OF NORTH CAROLINA v. ELVIN DIRIS SETZER

No. 7425SC336

(Filed 15 May 1974)

**Constitutional Law § 30— speedy trial**
Defendant was not denied his right to a speedy trial on a felonious assault charge by the delay between his arrest on 10 September 1972 and his trial in October 1973 where a preliminary hearing was held on 21 September 1972 and bail was set, an indictment was returned in December 1972, the case was calendared for trial in February 1973 but was continued so that an attorney could be appointed for defendant, and the case was not reached for trial at the March, April, July and August sessions of court because of prior cases.

APPEAL by defendant from *Chess, Special Judge,* 22 October 1973 Session of CATAWBA Superior Court.

The defendant was tried on a bill of indictment proper in form charging him with a felonious assault upon William L. Davis with a deadly weapon, a knife, with the felonious intent to kill and murder the said Davis, inflicting serious injuries not resulting in death. To this charge defendant entered a plea of not guilty, and a jury verdict found him guilty of assault with a deadly weapon inflicting serious injury. The defendant was sentenced to a term of five years in prison; and from this sentence, he appealed.

The evidence for the State tended to show that on the night of 10 September 1972, John Gordon Clark was the manager of a poolroom in Newton. He was acquainted with the defendant; and on that night, the defendant was in the poolroom about 10:00 p.m. and then again about midnight. On the second visit of the defendant to the poolroom, he desired to purchase some beer and Clark refused to sell him any as it was after hours for the sale of beer.

Between midnight and 1:00 a.m., Clark had the receipts of the business with him and was on his way home. Clark and the defendant lived in the same neighborhood. Clark was accompanied by Paul Swink, William Davis, and Shirley Lail. When Clark and his companions reached the front of the house where the defendant lived, the defendant came out. The defendant told Clark that he had said something that the defendant did not like, and thereupon the defendant struck Clark in the face with his fist. Clark was knocked down and rendered unconscious and knew nothing about what occurred thereafter. The defendant then began to argue with Shirley Lail. At this time, Davis approached the defendant, and the defendant took a pocket-knife and stabbed Davis in the left lung and proceeded to cut him rather severely about his stomach and upper part of his right leg. Davis was knocked to the ground, and the defendant was on top of him cutting him when Davis became unconscious and recovered consciousness in the hospital. Davis had not been acquainted with the defendant prior to this time.

A Mrs. Townsend testified that she lived across the street from the defendant, and on the night in question, she heard a disturbance and went out of her home and saw Davis lying on the ground unconscious and the defendant was on top of him with a knife cutting him. She also testified that she heard a niece of the defendant say, "Don't kill him. You already cut

---

State v. Setzer

---

him. Isn't that enough?" Mrs. Townsend called the police and an ambulance.

The defendant did not testify in his own behalf, but his sister and nephew did testify in his behalf to the effect that on the evening in question, the defendant went out of his house down to the street and an altercation ensued between the defendant, Clark, and Davis. Clark was knocked down by the defendant; and Davis, in turn, knocked the defendant down. Thereafter, the defendant returned to his house and remained in the house the rest of the evening. At the time the defendant returned to his house, Davis was walking down the street and was not injured.

*Attorney General Robert Morgan by Assistant Attorney General Walter E. Ricks III for the State.*

*Patrick, Harper and Dixon by Stephen M. Thomas for defendant appellant.*

CAMPBELL, Judge.

The evidence in the light most favorable for the State was ample to take the case to the jury. The defendant has brought forward many assignments of error, including the failure to dismiss on the ground that the defendant was deprived of his right to a speedy trial. The offense occurred 10 September 1972. The defendant was arrested the same day, and he was released from jail on 18 September 1972, upon bail bond. Probable cause was found at a preliminary hearing on 21 September 1972, and bail bond was fixed at $750.00. A bill of indictment was presented to the Grand Jury in October 1972 but was continued for lack of witnesses. A true bill of indictment was returned at the December 1972 session of court. The case was placed on the calendar for trial 7 February 1973; and at that time, the defendant did not have an attorney and was adjudged to be an indigent and counsel was appointed for him. The trial was continued.

Thereafter, the case was placed upon the trial calendar at the March, April, July and August court sessions. The case was not reached for trial, however, due to prior cases. On 24 October 1973, the defendant filed a motion to dismiss the case for failure to prosecute and provide the defendant with a speedy trial. The trial court denied the motion and found that the de-

fendant had not shown any unreasonable delay on the part of the State in bringing the case to trial. We find no error in the ruling of the trial court in this regard.

Whether defendant has been denied the right to a speedy trial is a matter to be determined by the trial judge in the circumstances of each case. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972) ; *State v. Frank,* 284 N.C. 137, 200 S.E. 2d 169 (1973). In the instant case the evidence adduced at the hearing on the motion of the defendant supported the findings of fact by the judge, and those findings supported his conclusion.

We have considered the numerous other exceptions brought forward by the defendant, and we do not find sufficient merit therein to justify awarding a new trial.

The defendant was afforded a trial free of prejudicial error. It was a matter for the twelve, and they found against the defendant.

No error.

Judges MORRIS and VAUGHN concur.