State v. Lisk

STATE OF NORTH CAROLINA v. JOHN REID LISK AND ROBERT STEVEN JOHNSON

No. 7526SC104

(Filed 7 May 1975)

**Constitutional Law § 30— speedy trial — delay of one year between arrest and trial**

    Defendants were not denied their right to a speedy trial by the delay of a year between their arrest and trial where one defendant was incarcerated nine days and the other defendant eight days pending their trial, neither defendant moved for a speedy trial prior to the trial, neither defendant showed any prejudice from the delay, and there was no showing that the State wilfully or negligently caused the delay.

ON writ of *certiorari* to review judgments entered by *McLelland, Judge,* on 15 August 1973 in Superior Court, MECKLENBURG County. Certiorari allowed 3 February 1975. Heard in the Court of Appeals 10 April 1975.

By separate indictments proper in form, defendants were charged with (1) breaking or entering a building occupied by Fairco Drug Company, a corporation, and (2) larceny of eleven vials of morphine and other drugs. They pleaded not guilty, a jury found them guilty of felonious breaking or entering, and from judgments imposing prison sentences of not less than two nor more than seven years, they appealed.

*Attorney General Edmisten, by Associate Attorney Jerry J. Rutledge, for the State.*

*J. Reid Potter for defendant appellants.*

BRITT, Judge.

By their first assignment of error, defendants contend the trial court erred in denying their motions to dismiss the charges for the reason that they were not given a speedy trial. We find no merit in the assignment.

The record reveals: The alleged offenses occurred, warrants were issued, and defendants were arrested on 16 August 1972. Bills of indictment were returned at the 5 February 1973 Session of the court. Defendant Lisk was incarcerated nine days, and defendant Johnson eight days, pending trial of their cases which were tried at the 6 August 1973 Session of the court.

Neither defendant, at any time between the date of his arrest and the date of trial, moved for a speedy trial, and neither showed any prejudice, only inconvenience, resulting from the delay. The motions to dismiss were made when the cases were called for trial. Following a hearing on the motions, the trial judge found that there was no showing that the State had willfully or negligently delayed the trial of the cases, or that either defendant had been prejudiced by the delay.

In *State v. Spencer,* 281 N.C. 121, 124, 187 S.E. 2d 779 (1972), we find: "The constitutional right to a speedy trial protects an accused from extended imprisonment before trial, from public suspicion generated by an untried accusation, and from loss of witnesses and other means of proving his innocence resulting from passage of time. Whether defendant has been denied the right to a speedy trial is a matter to be determined by the trial judge in light of the circumstances of each case. *The accused has the burden of showing that the delay was due to the State's wilfulness or neglect. . . .* " (Emphasis added.)

The assignment of error is overruled.

In their remaining two assignments of error, defendants contend the court erred in denying their motions to suppress evidence obtained by a search of their persons, and in denying their motions to dismiss interposed at the conclusion of the evidence. Suffice it to say, we have carefully reviewed the record, particularly with respect to these assignments, and finding no merit in either of them, they are both overruled.

We hold that defendants received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.