STATE OF NORTH CAROLINA v. RONALD RUTLEDGE

No. 822SC1058

(Filed 3 May 1983)

Searches and Seizures § 24— search warrrant—information from confidential informant—sufficiency of affidavit

An officer's affidavit based on information received from a confidential informant was sufficient to establish probable cause for issuance of a warrant to search defendant's residence for narcotics where it asserted sufficient underlying circumstances to show the informant's reliability by stating that the informant had furnished reliable information in the past to the affiant and to another officer, and where it asserted sufficient underlying circumstances to show the basis of the conclusion that defendant had narcotics at his residence by stating that the informant had seen heroin, cocaine and marijuana at defendant's residence and that defendant was "stocked up" for the weekend.

APPEAL by defendant from *Freeman, Judge*. Judgment entered 1 June 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 11 April 1983.

The defendant was charged in proper bills of indictment with felonious possession with intent to manufacture, sell and deliver marijuana, cocaine and heroin. The defendant made a timely motion to suppress evidence, which allegedly was obtained pursuant to an invalid search warrant. Judge Freeman denied the defendant's motion after conducting a hearing on the defendant's motion. The defendant pleaded guilty as charged but preserved his right to appeal the denial of his motion to suppress under N.C. Gen. Stat. § 15A-979.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Jo Anne Sanford for the State.*

*Charles M. Vincent for the defendant, appellant.*

HEDRICK, Judge.

The defendant purports to bring forward three questions for review: (1) whether the trial court erred in not summarily allowing defendant's motion to suppress, (2) whether the trial court's conclusion, after hearing evidence on the motion, was against the weight of the evidence and (3) whether the court erred in failing to make findings of fact. Simply stated, the sole question raised by the defendant's motion to suppress is whether the officer's affidavit was sufficient to support a finding of probable cause for the issuance of a search warrant. Thus, it is unnecessary to discuss separately the questions raised by the defendant. Since the defendant's only challenge is to the sufficiency of the affidavit supporting the search warrant, the trial judge could have summarily denied the motion without a hearing. *See* N.C. Gen. Stat. § 15A-977. Even though Judge Freeman conducted a hearing it was not necessary under these circumstances that he do so; therefore, he committed no error in failing to make findings of fact.

All of the defendant's assignments of error raise the single question as to whether the court erred in denying the motion to suppress. Since the officer's affidavit, upon which the search warrant was based, relies on information obtained from an unidentified informant, the well-recognized Aguilar-Spinelli test applies for determining the sufficiency of the affidavit. *See Aguilar v. Texas*, 378 U.S. 108 (1964); *Spinelli v. United States*, 393 U.S. 410 (1969); *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972).

When probable cause for issuing a search warrant is based on an informant's information, this two-pronged test requires that the supporting affidavit reveal (1) sufficient underlying circumstances to show the informant's credibility and reliability and (2) the underlying circumstances showing the basis of the conclusion reached by the informant.

In the case before us, the application for a search warrant made by Officer Manning states the following:

> That on the night of March 5th, 1982, a confidential informant advised me that Ronald Rutledge had at his residence, Heroin, Cocaine and Marihuana [sic] and was selling same. The informant advised that they had seen some of the above susbstances [sic] at the Rutledge residence. In formant [sic] also advised that Rutledge was "stocked up" for the weekend. This confidential source has proven to be reliable in that they have furnished me information in the past. This same informant has also furnished Officer Lloyd with information that has proven reliable.

This application does more than baldly assert the informant's reliability. It also gives the underlying reason for such a conclusion in that the informant had furnished information in the past to Officer Manning and Officer Lloyd. We hold this meets the first test of the Aguilar standard. Officer Manning also sets forth with adequate detail the basis of the informant's conclusion that the defendant had drugs at his residence. The informant had actually seen heroin, cocaine and marijuana at the defendant's residence and stated that the defendant was "stocked up" for the weekend. This satisfies the second prong of the Aguillar-Spinelli test.

We hold that the minimum standards for finding probable cause, where the basis for that finding is reliance on an unidentified informant, have been met in this case. We find the trial judge committed no error in denying the defendant's motion to suppress the evidence.

No error.

Chief Judge VAUGHN and Judge ARNOLD concur.