STATE OF NORTH CAROLINA v. MARK BAUGUESS (Case No. 143)
— AND —
STATE OF NORTH CAROLINA v. KENNETH BAUGUESS (Case No. 144)
— AND —
STATE OF NORTH CAROLINA v. JOE KILBY (Case No. 145)

No. 7123SC70

(Filed 24 February 1971)

1. Criminal Law § 112— instructions on circumstantial evidence

Trial court's instructions on the law of circumstantial evidence was proper, especially since the court emphasized the possibility of defendant's innocence and further instructed the jury that, before they could find the defendant guilty, the circumstances must exclude every possibility of innocence.

2. Burglary and Unlawful Breakings § 4— breaking into vending machine — value of machine and amount of damage — relevancy of evidence

In a prosecution charging defendants with breaking into a coin-operated vending machine with intent to steal money therefrom, testimony that the machine was worth between eight and nine hundred dollars and that the damage done to the door amounted to seventy-five dollars was admissible to show the force used by defendants to carry out their intent to steal.

APPEAL by defendants from *Seay, Superior Court Judge,* Regular October 1970 Criminal Session, WILKES Superior Court.

Defendants were charged in valid bills of indictment with breaking into a coin-operated vending machine with intent to steal money therein. The cases were consolidated for trial and each of the defendants entered a plea of not guilty.

The evidence for the State tended to show that the defendants were observed driving away from the vicinity of Foster's Superette at 2:00 a.m. on 28 June 1970 by a State Highway Patrolman. The patrolman was approaching the superette at the time, and as he passed it, he noticed that the drink box machine at the superette was open. The patrolman followed the defendants for about one-half mile and then pulled them over in the parking lot of Lowe's Super Market. At the time the defendants were pulled over, there was a sheriff's department automobile in the parking lot. The deputy sheriff had a conversation with the patrolman and then went to Foster's Superette where he found that the door had been pried open and the coin box removed. Tool marks were on the door to the drink box and the lock was twisted

backward. The deputy then returned to the parking lot where the defendants were being detained by the patrolman. As he approached the defendants' car, the deputy observed the defendant Kenneth Bauguess trying to poke coins behind the seat of the car. The coins consisted of nickels, dimes, and quarters in the amount of $4.65 and were seized by the deputy. From the outside of the car the deputy could also see a tire tool and a pair of pliers.

The owner of Foster's Superette testified that the drink box had been locked that night and that all of the money had been removed earlier when the store closed for the night. He also testified that the drink boxes are used frequently, after closing hours, by patrons of a nearby drive-in. He testified that the drink machine was worth between eight and nine hundred dollars and that about seventy-five dollars worth of damage was done to the door.

The defendants did not put on any evidence.

From a jury verdict of guilty as charged and a sentence of two years as to each defendant, the defendants appeal to this Court.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Joe O. Brewer and Eric Davis for defendants appellants.*

CAMPBELL, Judge.

[1] Defendants' first assignment of error is directed at the trial judge's charge to the jury relative to the law on circumstantial evidence. The court charged the jury:

"Now, members of the jury, there is [sic] no eye witnesses [sic] in this case that the defendant [sic] committed the crimes charged in these two bills of indictment. The State contends that the circumstances and evidence taken together establish the guilt of the defendants, and each of them. In other words the State relies on which [sic] is known as circumstantial evidence. Circumstantial evidence, members of the jury, is recognized and accepted as proof in court of law. However, you must find that the defendants, that is you must find the defendant, and each of the

defendants, not guilty unless all the circumstances considered together, excluding [*sic*] avery [*sic*] reasonable possibility of innocence and point conclusively to guilt."

We are of the opinion that this charge complies with the requirements set forth in *State v. Lowther,* 265 N.C. 315, 144 S.E. 2d 64 (1965). There, the charge complained of appeared to place more emphasis on the circumstances being consistent with guilt rather than being inconsistent with innocence and amounted to the court assuming some of the functions of the jury. Here, the trial judge correctly placed the emphasis on the possibility of innocence and instructed the jury that to find the defendants guilty, the circumstances must exclude every possibility of innocence. The function of the jury as the fact finder was not interfered with and the State was left with the burden to satisfy the jury beyond a reasonable doubt before finding either defendant guilty.

[2] Defendants' second assignment of error is directed at the admission of testimony regarding the value of the drink box and the amount of damage done to the door. This evidence was relevant as to the force used by the defendants to carry out their intent to steal and was relevant to establish such intent. Furthermore, it is incumbent upon the defendant to show that its admission resulted in prejudice to him. *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206 (1967). Defendants have not made an affirmative showing of prejudice by the admission of this testimony and this assignment of error is overruled.

For the reasons stated, in the trial below there was

No error.

Judges BRITT and HEDRICK concur.