STATE OF NORTH CAROLINA v. KEVIN EUGENE WELLS

No. 7519SC352

(Filed 1 October 1975)

1. **Narcotics § 4— constructive possession defined**

   Constructive possession is that which exists without actual personal dominion over the material, but with an intent and capability to maintain control and dominion over it.

2. **Narcotics § 4.5— failure to instruct on constructive possession — no error**

   In a prosecution for possession of MDA, the trial court did not err in failing to define and explain constructive possession since his general definition of possession was so broad in scope as to pertain in common to actual and constructive possession.

3. **Narcotics § 4— possession of MDA — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for possession of MDA where it tended to show that defendant rented and occupied an apartment in which MDA was found, though defendant was not present in the apartment at the time the MDA was found.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 27 February 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 28 August 1975.

The defendant pled not guilty to the charge of illegal possession of 3,4-methylenedioxy amphetamine, a Schedule I drug. On 11 August 1974, officers of the Salisbury Police Department obtained a search warrant to conduct a search of the upstairs apartment at 223 Wiley Avenue in Salisbury. The warrant was based on information from a reliable informant that he had recently seen marijuana in the apartment, and from a law officer that he went in the apartment on the same day and the odor of marijuana was present therein.

The State's evidence tended to show that the search warrant was executed at 9:30 p.m. and the controlled substance, commonly called MDA, was found in a bedroom of the two-bedroom apartment. No one was present in the apartment at the time the search was conducted. The defendant had rented and paid the rent on the apartment for the months of July and August, 1974. The defendant and his two brothers had been seen in the apartment on several occasions prior to the search, but there was no evidence that the defendant was seen there for

State v. Wells

three days preceding the search. Three unidentified males were seen in the apartment within an hour before the search.

The search also revealed a letter from Duke Power Company addressed to *Cavin* (emphasis added) Wells which was postmarked 26 July 1974, and contained the utility listing of the apartment. A small bundle of plastic containing a white powdery substance was found by officers within a foot of the Duke Power letter. Male clothing was present in the same bedroom.

The defendant did not offer evidence.

The jury found defendant guilty as charged; and from a sentence to confinement as a committed youthful offender, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Conrad O. Pearson for the State.*

*Carlton, Rhodes & Thurston by Gary C. Rhodes for defendant appellant.*

CLARK, Judge.

The validity of the search warrant and the search pursuant thereto were not questioned on appeal.

[1]  The defendant assigns as error the failure of the trial court to define and explain constructive possession. Constructive possession is that which exists without actual personal dominion over the material, but with an intent and capability to maintain control and dominion over it. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972). Cases dealing with constructive possession were collected in *State v. Allen,* 279 N.C. 406, 410, 183 S.E. 2d 680, 683 (1971), wherein Justice Branch for the Court quoted the following language from *People v. Galloway,* 28 Ill. 2d 355, 192 N.E. 2d 370. "Where narcotics are found on premises under the control of the defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts which might leave in the minds of the jury a reasonable doubt as to his guilt." See also, *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972).

[2]  The trial judge, in his instructions to the jury, did not define and explain constructive possession but did define possession as follows: " . . . that a person possesses a controlled sub-

stance when he has either by himself or together with others both the power and intent to control the disposition or the use of that substance." This definition of possession from N. C. Pattern Jury Instructions is brief and general, but we find it so broad in scope as to pertain in common to actual and constructive possession. The trial court properly could have added a definition of constructive possession and the inference that arises from the control of the premises; the failure to do so was not error.

[3] The defendant also contends that the trial court erred in overruling his motion for judgment of nonsuit. The State may overcome this motion by evidence which places the accused "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession." *State v. Harvey, supra,* and *State v. Allen, supra.*

In this case it is our opinion that the evidence of the defendant's lease of the apartment, his occupation of the same, together with all the other evidence, was sufficient to justify the jury in concluding that the defendant, either alone or jointly with others, was in control of the apartment and in possession of the MDA found therein. The trial judge correctly overruled defendant's motion for judgment of nonsuit.

We have examined the entire record and find

No error.

Judges MORRIS and VAUGHN concur.