STATE OF NORTH CAROLINA v. RUFUS WRIGHT

No. 7510SC407

(Filed 15 October 1975)

Crime Against Nature § 2— attempted crime against nature — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for attempted crime against nature where it tended to show that defendant and a 12 year old boy were in the restroom of a public library when defendant exposed his private parts, reached 3 or 4 times for the groin area of the child, kissed him on the lips 3 times, and asked the child twice if he would perform unnatural sex acts with him.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 21 February 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 4 September 1975.

Defendant was tried on charges of attempt to take indecent liberties with a twelve year old boy and attempt to commit crime against nature.

Both counts arose out of a single incident which occurred in the men's restroom of the Olivia Raney Library.

The evidence for the prosecution tends to show that the minor child went downstairs in the Olivia Raney Library, Raleigh, North Carolina, at about 2:00 p.m. on 2 November 1974 to go to the bathroom. A few seconds after the child was in the bathroom, the defendant came in and locked the door behind

him. The defendant then reached for the groin area of the child three or four times and kissed him three times on the lips. The child pushed him away after the third kiss, and defendant left the restroom.

During the time that they were together, the defendant asked the child twice if he would perform unnatural sex acts with him. When defendant exposed his private parts, the child began crying. The child had never seen the defendant before.

The evidence for the defense tends to show that on 2 November 1974, defendant was on a weekend pass from the Wake County Jail. While returning to the jail, he stopped by the Olivia Raney Library. He went into the restroom and made conversation with the child. He said that he had been drinking at his father's house prior to coming to the library and that he was "feeling no pain." He testified that he had no intention of doing anything out of the way with the child, but that he joked around with kids frequently. He did not remember touching the child and denied any homosexual advances.

At the close of the State's evidence and at the close of all the evidence the defendant moved for nonsuit as to each charge. All motions were denied. The defendant was convicted of both charges and received consecutive sentences. From that judgment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General John R. B. Matthis and Associate Attorney Daniel C. Oakley, for the State.*

*Deborah G. Mailman, for defendant appellant.*

MARTIN, Judge.

Defendant assigns error to the court's failure to grant defendant's motion for nonsuit as to the charge of attempted crime against nature.

"It is elementary that upon such a motion the trial judge is required to take the evidence for the State as true, to give to the State the benefit of every reasonable inference to be drawn therefrom and to resolve in the favor of the State all conflicts, if any, therein." *State v. Edwards,* 286 N.C. 140, 209 S.E. 2d 789 (1974).

According to the court in *State v. Harward,* 264 N.C. 746, 142 S.E. 2d 691 (1965) :

> "The crime against nature is sexual intercourse contrary to the order of nature. It includes acts with animals and acts between humans *per anum* and *per os.* (Citation) '. . . our statute is broad enough to include in the crime against nature other forms of the offense than sodomy and buggery. It includes all kindred acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified.' (Citation) 'Proof of penetration of or by the sexual organ is essential to conviction.' (Citation)."

However, penetration is not necessary to convict for the offense of attempted crime against nature. "An attempt to commit a crime is an overt act in partial execution of the crime which falls short of actual commission but which goes beyond mere preparation to commit." *State v. Chance,* 3 N.C. App. 459, 165 S.E. 2d 31 (1969).

The evidence shows that the defendant exposed his private parts, reached three or four times for the groin area of the child, kissed him on the lips three times, and asked twice if he would perform unnatural sex acts with him. These acts of the defendant were directed toward the commission of an unnatural sex act with the child and showed an intent on his part to commit such an unnatural sex act. Taking this evidence in the light most favorable to the State, there was ample evidence to go to the jury on the charge of attempted crime against nature. This assignment of error is overruled.

Defendant's other assignments of error are without merit.

No error.

Chief Judge BROCK and Judge VAUGHN concur.