STATE OF NORTH CAROLINA v. JIMMY LEE STOKESBERRY

No. 753SC630

(Filed 17 December 1975)

1. Larceny § 7— possession of recently stolen property — sufficiency of evidence

   In a prosecution for breaking and entering and larceny, testimony which placed the stolen guns in the unexplained possession of defendant so soon after the breaking and entering and larceny as to permit the jury to infer that defendant was the thief who took the guns after his felonious breaking and entering of the premises was sufficient to take the case to the jury.

2. Criminal Law § 112— reasonable doubt — circumstantial evidence — instructions proper

   The trial court's instructions as to reasonable doubt and circumstantial evidence were proper.

APPEAL by defendant from Smith, Judge. Judgment entered 22 April 1975 in Superior Court, PITT County. Heard in the Court of Appeals 14 November 1975.

Defendant was charged in a bill of indictment with the crimes of felonious breaking and entering and felonious larceny. The State offered evidence which tended to show that on or about Sunday, 15 December 1974, Glenn Bowing, Jr., of Ayden, North Carolina, returned home from church to find a window pried open and approximately twenty-three guns missing from his collection. He had given no one permission to enter his home or remove his firearms and did not know the defendant.

On a subsequent Sunday morning just before Christmas 1974, defendant went to the home of Robert Smith to see if he

might be interested in the purchase of some guns. An exchange was negotiated and sometime thereafter, Smith was observed by a Pitt County Deputy Sheriff attempting to sell one of the weapons. The firearm was seized by the deputy and when he inquired as to where Smith had gotten the guns (a total of 3), Smith told him they came from the defendant, Jimmy Lee Stokesberry.

The State offered further evidence that defendant had also sold two guns to Rusty Willard. Bowing identified the weapons recovered from both Smith and Willard as being owned by him and being among those stolen from his home on the above referred to date.

Defendant was thereafter arrested and his mobile home searched. No property belonging to Bowing was found.

Defendant testified that on 15 December 1974, accompanied by his mother and his girl friend, he visited a prison unit in Maury, North Carolina. Upon his return, he had dinner at his mother's house and did not get back to his trailer until about eleven o'clock, at which time he went to bed.

Defendant further testified that he and Smith had "a few misunderstood words" resulting from his purchase of a rifle from Smith the third week in November and that he had never been to Smith's home nor the Bowing residence.

Defendant's mother and girl friend gave testimony corroborating that of the defendant, placing him in their presence on 15 December 1974 from about 8:30 a.m. until nearly 11:00 p.m. Pictures were taken of defendant in Maury on this day and the date 15 December 1974 was written on the back of the pictures by defendant's girl friend.

The defendant offered further evidence tending to show that he had never exchanged or sold any guns to Willard, but they had talked about the sale of some guns. He denied that he had ever seen the guns that were introduced in evidence as the stolen weapons.

From the jury's verdict of guilty as charged on both counts, and imposition of consecutive prison sentences, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Richard Powell, for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant assigns as error the submission of the case to the jury and the trial judge's failure to grant his motion for directed verdict.

> "One of the well recognized rules concerning sufficiency of evidence to withstand motion for nonsuit or motion for a directed verdict is that when the motion questions the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances." *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779, citing *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431.

Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and nonsuit should be denied where there is sufficient evidence, direct, circumstantial, or both, from which the jury could find that the offense charged has been committed and that defendant committed it. *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469.

In this case the testimony of Smith and others places the stolen goods in the unexplained possession of defendant so soon after the burglary and larceny as to permit the jury to infer that defendant was the thief who took the guns after his felonious breaking and entering of the premises and was sufficient to take the case to the jury.

[2]  The defendant next assigns as error the trial court's failure to adequately and sufficiently define "reasonable doubt." Here the trial court defined reasonable doubt as follows:

> "A reasonable doubt, ladies and gentlemen, is a doubt based on reason and common sense arising out of some or all of the evidence or lack or insufficiency of the evidence as the case may be. Proof beyond a reasonable doubt means that you must be fully satisfied or entirely convinced or satisfied to a moral certainty of the defendant's guilt. As one of our appellate Courts said in an opinion recently, one of the best definitions of reasonable doubt is the words reasonable doubt themselves."

The instruction given is substantially in accord with the definition of reasonable doubt approved by the Supreme Court.

State v. Stokesberry

*See State v. Mabery,* 283 N.C. 254, 195 S.E. 2d 304; *State v. Bright,* 237 N.C. 475, 75 S.E. 2d 407; *State v. Bryant,* 236 N.C. 745, 73 S.E. 2d 791; *State v. Wood,* 235 N.C. 636, 70 S.E. 2d 665.

Defendant next contends that the trial judge committed prejudicial error by his inadequate statement of the definitions, rule and applications of circumstantial evidence.

That portion of the charge objected to reads as follows:

"Now, there is no eyewitness testimony that the defendant in this case committed either one of the offenses which are charged in the bill of indictment. The State relies in part upon what is known as circumstantial evidence. The State contends that the circumstances and evidence taken together establish the guilt of the defendant. Now, circumstantial evidence is recognized and accepted as proof in a court of law, however, you must find this defendant not guilty unless all of the circumstances considered together exclude every reasonable possibility of innocence and point conclusively to the guilt of the defendant. Furthermore, before any circumstance upon which the State relies may be considered by you as tending to prove the defendant's guilt, the State must prove that particular circumstance beyond a reasonable doubt."

The trial court's instruction is almost identical to the instruction approved in *State v. Bauguess,* 10 N.C. App. 524, 179 S.E. 2d 5.

The applicable rule, with respect to the sufficiency of circumstantial evidence to carry a case to the jury has been adequately recorded by Branch, J., citing Higgins, J., as follows:

" 'We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case

should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements to the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. (Citing cases).'" *State v. Parker,* 268 N.C. 258, 150 S.E. 2d 428.

Defendant's assignment of error is overruled.

For his last two assignments of error, the defendant argues that the trial court committed prejudicial and reversible error by inadequately charging the jury as to the meaning and definition of the "doctrine of recent possession" and of alibi evidence. Defendant's argument, however, seems to be directed to what he contends is the insufficiency of the evidence. At any rate, the instructions given were in substantial compliance with what has, heretofore, been held to be correct by the appellate courts of this State.

Defendant received a fair and impartial trial, free from prejudicial error.

Affirmed.

Judges BRITT and ARNOLD concur.