State v. Finney

STATE OF NORTH CAROLINA v. WILLIAM ALPHONSO FINNEY

No. 7521SC1071

(Filed 5 May 1976)

1. Narcotics § 4— possession of marijuana — narcotic found in apartment — absent defendant — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for possession of marijuana where the evidence tended to show that officers searched an apartment and found marijuana therein on 28 July 1974, defendant was not present at the time the search was made but was apprehended about two weeks later in a nearby apartment, defendant had lived in the apartment which was searchd since 1967, the lease was in his name, and personal correspondence and receipts dating from October 1973 to 14 June 1974 and bearing defendant's name were found in a bedroom where the marijuana was found.

2. Narcotics § 4.5— constructive possession — jury instruction proper

The trial court's instruction concerning constructive possession that a person is in possession when he has the power and intent to control "either by himself or together with others" was proper.

Judge VAUGHN dissenting.

APPEAL by defendant from *Long, Judge.* Judgment entered 16 October 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 April 1976.

Defendant pled not guilty to an indictment charging felonious possession of marijuana. On 28 July 1974, Winston-Salem police officers, pursuant to a valid search warrant, searched Apartment C, 820 West Seventh Street, in Winston-Salem. According to the State's evidence, a bag of marijuana, two pipes, a set of scales, three hundred brown envelopes, and a driver's license registered to Vernard Rapley were found in the north bedroom of the apartment. In the bedroom on the south side of the apartment were found seven brown bags containing marijuana, a water bill, receipts, letters and other papers bearing defendant's name. None of the papers were dated later than 17 June 1974.

Evidence for the State also tended to establish that since 1967 the lease to Apartment C, 820 West Seventh Street, had been in defendant's name. Defendant was not present at the time the apartment was searched. He was arrested on 15 September 1974, at Apartment A, 820 West Seventh Street.

Defendant's evidence tended to show that he had not lived in Apartment C since 14 June 1974 when he moved to Florida. He testified that he had paid the rent in full up to 14 June 1974, at which time he turned the key to the apartment over to Vernard Rapley. Rapley testified that all the marijuana found in the apartment belonged to him.

From a jury verdict of guilty as charged, and a judgment imposing sentence the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Joan Byers, for the State.*

*Richard C. Erwin for defendant appellant.*

ARNOLD, Judge.

[1]   The defendant assigns error to the trial court's denial of his motion for judgment of nonsuit made at the close of State's evidence and at the close of all the evidence. He argues that the State failed to prove he was in control of the apartment when the marijuana was found.

We fail to see any substantial distinction between the facts of this case and the facts in *State v. Wells,* 27 N.C. App. 144, 218 S.E. 2d 225 (1975), where this court held the defendant's motion for judgment of nonsuit was properly overruled. "The State may overcome this motion by evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' " *State v. Wells, supra,* at 146 [quoting *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972), and *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680 (1971).]

There was enough evidence for the jury to consider and decide whether defendant, either alone or with someone else, had control over the apartment and possession of the marijuana. The defendant had lived in the apartment since 1967, and the lease was in his name. Personal correspondence and receipts dating from October 1973 to 14 June 1974, and bearing defendant's name, were found in the bedroom. The matter was correctly submitted to the jury.

In his assignments of error relating to the jury instructions defendant asserts that error was committed in the instructions concerning circumstantial evidence and constructive possession. We do not agree.

No particular words or form is required in instructing the jury on the proof required for conviction based on circumstantial evidence. The State's brief correctly notes that in *State v. Bauguess,* 10 N.C. App. 524, 179 S.E. 2d 5 (1971), this Court found no error in the same charge on circumstantial evidence as was given in the instant case.

[2] Defendant contends the court's charge concerning constructive possession was error because the jury was told that a person is in possession when he has the power and intent to control "either by himself or together with others." We see no error in the use of the phrase, "either by himself or together with others." In *State v. Wells, supra,* this Court found no error in the trial judge's instructions that "a person possesses a controlled substance when he has either by himself or together with others both the power and intent to control the disposition or the use of that substance." The trial court's instructions were proper.

We have examined defendant's remaining assignments of error and find

No error.

Judge BRITT concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

In my opinion the evidence was insufficient to take the case to the jury and defendant's motion for nonsuit at the close of the evidence should have been allowed.