STATE OF NORTH CAROLINA v. WILLIAM ALPHONSO FINNEY

No. 33

(Filed 5 October 1976)

Narcotics § 4— marijuana in apartment — constructive possession — insufficiency of evidence

The evidence was insufficient to support a jury finding that defendant was in constructive possession of marijuana found during the search of an apartment where: the State's evidence tended to show that defendant had leased the apartment, that letters and bills in the apartment indicated defendant had not been present there for the previous 44 days, that on the night of the search another person appeared on the scene with a key to the apartment on his person, and that one of the two bedrooms of the apartment did not appear to have been lived in for some time; defendant testified he had sublet the apartment to the person who appeared with the key; and such person testified that all of the marijuana found in the apartment belonged to him and not to defendant.

APPEAL by defendant as a matter of right under G.S. 7A-30(2) from the decision of the Court of Appeals, reported in 29 N. C. App. 378, 224 S.E. 2d 263 (1976) (Vaughn, J. dissenting), finding no error in judgment of conviction by *Long, J.,* entered 16 October 1975, FORSYTH County Superior Court.

Defendant was tried under an indictment charging him with felonious possession of a controlled substance, to-wit, marijuana.

The evidence for the State tended to show that on 28 July 1974, at about 1:00 a.m., Winston-Salem Police Officers, pursuant to a valid search warrant, searched Apartment C, 820 W. Seventh Street, Winston-Salem. In the search, the officers discovered a bag of marijuana, two pipes, a set of scales, three hundred brown envelopes used for packaging marijuana, several hand-rolled cigarettes which contained a green vegetable material, and a driver's license registered to Vernard Rapley, all of these being found in the north bedroom of the apartment. In the bedroom on the south side of the apartment were found seven brown bags containing marijuana (in a closet), a number of bills, receipts, letters, and other papers bearing defendant's name, a large box filled with dirt, a chair, some old clothes piled in a corner, and a small work bench on which the papers were

located, but no bed. None of the papers or letters with the defendant's name thereon were dated later than 14 June 1974.

The lease of Apartment C had been in the defendant's name since 1967. Defendant was arrested on 15 September 1974 at Apartment A of the same address. Defendant was not present at the time Apartment C was searched and no evidence was offered as to when the defendant had last been in the apartment other than that which could be infered from the letters and bills found in the south bedroom on which defendant's name appeared.

While the search was in progress, Vernard Rapley came in the back door of the residence, after unlocking the door with a key. He was searched and a key to the apartment found in his possession. Upon being advised that he was under arrest, Rapley went to the bedroom on the north side and got some cigarettes, a pair of shoes, and some small papers he wanted to take with him to the police station. Subsequently, Rapley was convicted of felonious possession of marijuana resulting from this search.

Some bags of marijuana, weighing approximately seven pounds were delivered to Mr. Garland Nelson, Assistant Toxicologist, North Carolina Baptist Hospital. An expert in the field of chemical drug analysis, including marijuana, Mr. Nelson determined that the bags contained marijuana. Each of the bags containing the marijuana delivered to the toxicologist was marked "Rapley's bedroom" when received. No other markings were on the bags.

The defendant's evidence tended to show that he had not lived in Apartment C since 14 June 1974 when he went to Florida. He testified that he had paid the rent in full up to that date and had turned the key to the apartment over to Vernard Rapley. Rapley testified all the marijuana found in the apartment belonged to him. Defendant also offered the testimony of a witness who had seen him in Florida and evidence that he had deposited money in a bank in Chicago and later withdrawn it on 27 July 1974. In short, defendant's evidence is to the effect that he sublet the apartment to Vernard Rapley and sold the remaining household furnishings to him on 14 June 1974. In rebuttal, the State offered evidence tending to show that Vernard Rapley had made a prior inconsistent statement concerning ownership of the marijuana in the apartment.

Defendant's motion for a nonsuit at the end of the State's evidence and at the close of all the evidence was overruled.

The jury found the defendant guilty as charged and sentence was duly imposed by the trial judge.

*Attorney General Rufus L. Edmisten by Associate Attorney Joan H. Byers, for the State.*

*Richard C. Erwin, for the defendant.*

COPELAND, Justice.

The only error assigned by the defendant is the trial court's denial of his motion for judgment of nonsuit made at the close of the State's evidence and at the close of all the evidence. We believe the motion made at the close of all of the evidence should have been allowed.

Upon motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. When there is sufficient evidence, direct or circumstantial, by which the jury could find that the defendant had committed the offense charged, then the motion should be denied. *State v. Hunter,* 290 N.C. 556, 227 S.E. 2d 535 (1976); *State v. Covington,* 290 N.C. 313, 226 S.E. 2d 629 (1976); 2 Strong, N. C. Index 2d, Criminal Law, § 106 at 654.

In this case the State relied completely upon circumstantial evidence. In order to withstand a motion for nonsuit, there must be substantial evidence of all the essential elements of the offense charged "[b]ut evidence which raises no more than a surmise or conjecture of guilt is insufficient to overrule nonsuit. . . " 2 Strong, N. C. Index 2d, Criminal Law, § 106 at 655. *See also State v. Minor,* 290 N.C. 68, 224 S.E. 2d 180 (1976).

This Court has considered several controlled substance cases in recent years. In each of these cases possession of the controlled substance was an essential element of the offense charged. Justice Branch spoke for our Court in *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972); and *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680 (1971).

In *Harvey, supra,* he said:

"An accused's possession of narcotics may be actual
or constructive. He has possession of the contraband ma-
terial within the meaning of the law when he has both
the power and intent to control its disposition or use. Where
such materials are found on the premises under the control
of an accused, this fact, in and of itself, gives rise to an
inference of knowledge and possession which may be suffi-
cient to carry the case to the jury on a charge of unlawful
possession. Also, the State may overcome a motion . . . for
judgment as of nonsuit by presenting evidence which places
the accused 'within such close juxtaposition to the narcotic
drugs as to justify the jury in concluding that the same
was in his possession.' " [Citations omitted.] *State v. Har-
vey, supra* at 12-13, 187 S.E. 2d at 714.

In *Harvey, supra,* the facts indicated that the defendant
was found alone in a room in his home some three or four feet
from the marijuana. Our Court held that this evidence supported
the reasonable inference that the marijuana was in defendant's
possession.

In *Allen, supra,* the facts disclosed that the defendant had
been present at the premises on which the heroin was found
and from which it had been sold one day prior to the search,
that the utilities were listed in the defendant's name, and that
an Army identification card and other personal papers bearing
the defendant's name were found in the master bedroom. In
addition, there was testimony that the heroin discovered in the
master bedroom belonged to the defendant and was being sold
by a minor child as defendant's agent and at his direction dur-
ing the defendant's absence. The Court concluded that the heroin
which was seized and purchased at the place where these per-
sonal papers were found was subject to the defendant's dominion
and control and that it was proper to deny a nonsuit motion.

In *Spencer, supra,* this Court held that evidence that the
defendant had been seen on numerous occasions in and around
a pig shed where marijuana was found, this shed being located
some 20 yards from the defendant's residence, together with
evidence that some marijuana seeds were found in defendant's
bedroom, led to a reasonable inference that defendant exercised
custody and control over the pig shed and the marijuana found
therein.

In a recent case before our Court, *State v. Minor,* 290 N.C. 68, 224 S.E. 2d 180 (1976), the evidence revealed that the property on which marijuana was growing had been leased by a co-defendant and that the defendant had been a visitor at an abandoned house on the property leased by the co-defendant. The marijuana field was located 100 feet away from the house, obscured by a wooded area and accessible by three different routes. At the time of arrest, the defendant was a passenger in the front seat of an automobile owned and operated by the co-defendant which was stopped by police officers a short distance from the house and marijuana field. Marijuana leaves were found on the left rear floorboard and in the trunk of this automobile. Our Court held that under a charge of possession of marijuana for the purpose of distribution, and manufacturing and growing marijuana, nonsuit should have been allowed.

The facts of our case are substantially weaker than and distinguishable from those of *Harvey, supra; Allen, supra;* and *Spencer, supra.* About all the evidence shows is: (1) The lease to the defendant had been in existence for about seven years. Defendant testified that he had paid the rent through 14 June 1974 and vacated the apartment. (2) When the search was made on 28 July 1974, records in the apartment disclosed that the defendant had not been present there for the previous 44 days. (3) On the night of the search Vernard Rapley appeared on the scene with a key to the apartment on his person. Defendant's evidence tended to show the apartment was sublet to Rapley and a key to the apartment delivered to him on 14 June 1974 before the defendant departed for Florida. (4) The bedroom on the south side did not appear to have been lived in for some time. (5) The toxicologist who identified the vegetable material delivered to him as marijuana, testified that the bags containing the contraband each had an identifying symbol, "Rapley's bedroom" and that there were no other identifying marks on the bags. (6) At the time of the trial, Rapley was serving a sentence for the felonious possession of marijuana in the same apartment and testified that all the marijuana therein belonged to him.

The Court of Appeals relied heavily on an earlier opinion of that Court, *State v. Wells,* 27 N.C. App. 144, 218 S.E. 2d 225 (1975), in affirming the instant case. The facts in that case disclosed that the officers searched the premises on 11 August 1974 and found a controlled substance, commonly called

MDA, in a bedroom of a two bedroom apartment. No one was present at the time the search was conducted. The defendant had rented and paid the rent on the apartment for the months of July and August 1974. He and his two brothers had been seen in the apartment on several occasions prior to the search, and the defendant had been seen there three days before. A letter from Duke Power Company to the defendant was found in the apartment dated 26 July 1974. The contraband was found within one foot of this letter. The facts in *Wells* are distinguishable from those in our case.

In *Wells,* the defendant had been seen on the premises many times, most recently three days before the search; defendant Finney had not been seen at Apartment C for 44 days prior to the search. There was no evidence of subletting in *Wells.* Not only was there testimony in the instant case that defendant had sublet his apartment, his bedroom appeared to have been abandoned. In *Wells* there was a letter addressed to the defendant lying within one foot of the controlled substance. The marijuana in this case was discovered in a closet across the room from where the papers bearing defendant's name (all dated prior to defendant's departure) were found. Finally, Rapley, who was in actual possession of Apartment C at the time of the search, testified that he owned all the marijuana discovered in the apartment. In *Wells* there was no similar testimony on the part of anyone in possession of the apartment. The differing facts prevent *Wells* from being determinative. Judge Vaughn was a panelist in both cases. Significantly, he voted with the majority in *Wells* and dissented in this case.

The case of this Court which appears to be closest on its facts to the case at bar is *State v. Hunt,* 253 N.C. 811, 117 S.E. 2d 752 (1961). In that case involving non-taxpaid liquor the defendant had not been at his residence for 2 days. At the time of the search defendant's brother-in-law was intoxicated on the porch. Defendant's wife and brother-in-law testified that they bought the liquor and that the defendant had no knowledge of it. In that case we held the evidence was insufficient to show either actual or constructive possession of the illegal liquor by the defendant and a nonsuit should have been granted.

All the State has shown is that defendant Finney was in the apartment some 44 days before the search and that his name appeared on the lease at the time of the search. If the

marijuana had been present 44 days earlier, defendant was at a place where he could have committed the crime charged. "Beyond that we must sail in a sea of conjecture and surmise. This we are not permitted to do." *State v. Minor, supra* at 75, 224 S.E. 2d at 185. The trial judge should have allowed the motion for judgment as of nonsuit at the close of all the evidence. The decision of the Court of Appeals is

Reversed.