228 S.E.2d 254 (1976)
290 N.C. 755
Donald P. BROCK et al., Petitioners,
v.
NORTH CAROLINA PROPERTY TAX COMMISSION sitting as the State Board of Equalization and Review et al., Respondents.
No. 38.
Supreme Court of North Carolina.
October 5, 1976.
*257 Brock & Foy by Louis F. Foy, Jr., Trenton, for petitioners-appellants.
Rufus L. Edmisten, Atty. Gen., by Myron C. Banks, Sp. Deputy Atty. Gen., Raleigh, for the Property Tax Commission, respondent-appellee.
James R. Hood, Trenton, for Jones County Bd. of Commissioners and Jones County Board of Equalization and Review, respondent appellees.
HUSKINS, Justice:
Appellants contend the Property Tax Commission erred in dismissing their appeal from the Jones County Board of Equalization and Review. This constitutes petitioners' first assignment of error.
In view of sweeping changes implemented by the 1971 Machinery Act, it is essential to first examine the procedures developed by the Legislature to allow a taxpayer to contest the valuation placed upon his property by the county commissioners. This valuation is arrived at through a two-step process. Initially a schedule of values for property within the county is established and adopted. G.S. 105-317. Then, pursuant to this schedule, particular properties are appraised on an individual basis. G.S. 105-317.
Under separate procedures established by the Legislature, any protest of the valuations must be directed to the specific component part with which it is concerned  whether it be the schedule of values or the appraisal. The 1971 revision of the Machinery Act deliberately separated the two procedures to insure that appeals from the schedule of values would be taken prior to the use of those schedules in making appraisals of land. H. Lewis, The Annotated Machinery Act of 1971 (1971).
Appeal of Schedule of Values: After the schedule of values, standards and rules required by G.S. 105-317(b) have been approved and adopted by the board of county commissioners and notice thereof published as required by G.S. 105-317(c), any property owner of the county asserting that the adopted schedules, standards and rules fail to meet the appraisal standards established by G.S. 105-283 may except to the adoption order and appeal directly to the Property Tax Commission at any time within 30 days after the date of publication of the adoption order. Such appeal is perfected by filing a written notice thereof with the clerk of the board of county commissioners and with the Property Tax Commission, accompanied by the written statement of the grounds of appeal. G.S. 105-317(c)(1). The appeal procedure thus provided is the exclusive administrative means for challenging the order adopting schedules, standards and rules for the octennial reappraisal of real property for taxation. G.S. 105-317(c)(2).
Appeal of Appraisal: G.S. 105-322 establishes a county board of equalization and review and prescribes its powers and duties. Under that statute the board upon request made prior to the board's adjournment, must hear any taxpayer who owns or controls taxable property in the county "with respect to the listing or appraisal of his property or the property of others." G.S. 105-322(g)(2). At such hearing the county board of equalization and review "shall hear any evidence offered by the appellant, the tax supervisor, and other county officials *258 that is pertinent to the decision of the appeal." G.S. 105-322(g)(2)c. On the basis of its decision after such hearing has been conducted, the board "shall adopt and have entered in its minutes an order reducing, increasing, or confirming the appraisal. . ." and shall notify the taxpayer by mail as to the action taken not later than 30 days after the board's adjournment. G.S. 105-322(g)(2) d.
Decisions of county boards of equalization and review and boards of county commissioners with respect to the listing and valuation of property for taxation are appealable to the Property Tax Commission. G.S. 105-324 governs such appeals. Any property owner in the county or member of the board of county commissioners or board of equalization and review may except to any order entered under the provisions of G.S. 105-322 (and other statutes not pertinent here) and appeal to the Property Tax Commission. G.S. 105-324(b). To perfect such an appeal the appellants, within 30 days after the board of equalization and review has mailed the notice of its decision, must file a written notice of appeal and a written statement of the grounds of appeal with the clerk of the board of county commissioners and with the Property Tax Commission. G.S. 105-324(b). If such appeal is timely perfected that Commission must proceed under the provisions of G.S. 105-290(b). G.S. 105-324(b).
When an appeal under this statute has been timely filed and the hearing is before the full Commission, the Property Tax Commission is required to fix a time and place at which the Commission shall hear the appeal after giving 10 days written notice to the appellants and to the clerk of the board of commissioners of the county from which the appeal is taken. At the hearing the Board shall hear all evidence and affidavits offered by the appellant and appellee county . . ." and make findings of fact and conclusions of law. G.S. 105-290(b)(2)b.
Any person aggrieved by a final decision of the Property Tax Commission, and who has exhausted all administrative remedies available to him, is entitled to judicial review. G.S. 143-307 (now G.S. 150A-43 et seq.).
We now turn to the task of applying these legal rules and procedures to the facts contained in the record before us.
The Property Tax Commission dismissed the appeal in a final order containing both findings of fact and conclusions of law. The Commission found that both the hearing before the county board and the appeal to the Commission were attacks on the schedule of values and not on the appraisal of the property belonging to petitioners. Based on this finding the Commission concluded that appellants did not avail themselves of the proper procedure to attack the schedule of values and thus were without standing to pursue the appeal. This conclusion must necessarily stand or fall on the correctness of the Commission's finding as to the nature of the appeal. For the reasons which follow we hold this finding to be erroneous.
As to the hearing before the county board of equalization and review: The administrative decisions of the Property Tax Commission, whether with respect to the schedule of values or the appraisal of property, are always subject to judicial review after administrative procedures have been exhausted. See In re Appeal of Broadcasting Corp., 273 N.C. 571, 160 S.E.2d 728 (1968); In re Freight Carriers, Inc., 263 N.C. 345, 139 S.E.2d 633 (1965). When judicial review is sought in superior court on the record made before the Property Tax Commission, as here, the court is bound by the findings if they are supported by competent, material and substantial evidence in view of the entire record as submitted. G.S. 143-315(5) (now G.S. 150A-51(5)). Where the findings are not thus supported the case will be remanded for further proceedings. See In re Appeal of Broadcasting Corp., supra; In re Pine Raleigh Corp., 258 N.C. 398, 128 S.E.2d 855 (1963). A county board of equalization and review operates in a very informal manner. No record is kept and usually little hard evidence exists to indicate the procedures *259 followed. Therefore, appeals to the Property Tax Commission should not be dismissed on technical grounds but only for clear noncompliance with statutory prerequisites.
The only direct evidence before the Property Tax Commission bearing on the question whether appellants in this case were attacking the schedule of values or the appraisal is the letter from the Jones County Board of Equalization and Review to Donald P. Brock dated 9 May 1974 informing Mr. Brock that the Board had denied his request "for a percentage reduction of all farm property in Jones County appraised in the recent revaluation." This letter is ambiguous with reference to the nature of the requested reduction, and no record of the hearing before the county board exists to resolve this ambiguity. Other evidence before the Commission is similarly ambiguous on this point. We find no competent, material and substantial evidence in view of the entire record as submitted to support the finding of the Property Tax Commission that the original hearing before the Jones County Board of Equalization and Review was an attack on the schedule of values and nothing more.
As to the appeal before the Property Tax Commission: The notice of appeal by the original eleven petitioners, dated 31 May 1974 and served 3 June 1974, lists, inter alia, as reasons for appealing: "That said farm land and woodsland has been valued in excess of its true value . . . That in placing said high and excessive values on said lands the appraisal firm either did not take into consideration or did not have information available to them as to the income producing potential, either past, present or future of said farm or woodsland and did not visit and check all the lands valued as required by the Statute . . . That in valuing timber lands, if only timber-producing qualities of lands can be used as set out by the North Carolina Statutes, said lands are valued at two and three times its true value . . . That these appellants did not receive a full and adequate hearing before the County Board of Equalization and Review . . . That these appellants request a full and complete hearing before the State Board of Assessments [Property Tax Commission] with the evidence presented, documented and recorded,. . . and that these appellants will be in a position to furnish expert witnesses as to the productivity of the farm land and timber lands in Jones County and to show that the valuations placed by the appraisal firm were far in excess of their true and practical values." In our view the quoted portions of the notice of appeal constitute an appeal on the appraised value placed on the property of those eleven taxpayers.
We note that appellants did not offer proof of these allegations at the hearing before the Commission. That hearing, however, was "limited to arguments regarding the Motions [to strike and to dismiss] filed by the County in the case." At such a limited hearing appellants are not required to prove an attack on the appraisal of land; that kind of proof is required at the full hearing de novo on the merits as provided in G.S. 105-290(b). At a hearing on the motion to dismiss it is sufficient to establish an attack on the appraisal of land where allegations are made which, if proven, entitle the taxpayers to relief. As seen from the quoted portions of the notice of appeal, appellants carried this burden.
For the reasons set out we hold that appellants sought to contest the appraisal of land before both the county board and the Property Tax Commission. It appears from the record as submitted, and the appeals procedure as established by the statutes, that appellants followed the correct procedure in perfecting their appeal on the appraisal. We hold therefore that they are entitled to a full hearing de novo before the Property Tax Commission on the merits.
Among the petitioners listed in the caption, only the first eleven, to wit: Donald P. Brock; J. K. Warren, Jr.; W. B. Hargett; H. C. Bell; Mary Elizabeth Brock McDaniel; P. Nelson Banks; Harold H. Bate; R. C. Tyndall, Jr.; G. B. Foy; C. C. Jones, Jr., and W. W. Brafford, have standing to pursue this appeal. The ninety-nine landowners listed in the attachment to Mr. *260 Brock's letter dated 6 August 1974 are not entitled to join the appeal en route, and the appeal was properly dismissed as to them. G.S. 105-324 provides that any property owner may except to an order of the county board of equalization and review and appeal to the Property Tax Commission. This statutory provision presupposes a ruling by the county board adverse to a taxpayer with respect to the listing or appraisal of his property or the property of others, after a hearing requested by the taxpayer. To perfect an appeal from the county board, an appellant must file a written notice of appeal with the clerk of the board of county commissioners and with the Property Tax Commission within 30 days after the county board has mailed notice of its decision pursuant to G.S. 105-322(g)(2)d. Here, the county board mailed its notice on 9 May 1974. Donald P. Brock and ten other landowners gave written notice of appeal dated 31 May 1974 and served 3 June 1974. The other ninety-nine landowners entered the picture on 6 August 1974, well beyond the statutory deadline, when Mr. Brock forwarded their names to the Property Tax Commission with a letter stating that they wished "to join the appeal taken by myself and others in connection with the property reevaluation in Jones County, North Carolina." The law does not permit them to board the train after it has left the station.
G.S. 105-322(g)(2) provides that the county board must, on request, "hear any taxpayer who owns or controls property taxable in the county with respect to the listing or appraisal of his property or the property of others." (emphasis added.) Under this statute, appellants contend that, even should the ninety-nine additional appellants lack standing, the original eleven plaintiffs can and did raise an issue as to the appraisal of all property in Jones County, including that of the ninety-nine.
Appellants rely on several opinions of this Court for that proposition. See In re Valuation, 282 N.C. 71, 191 S.E.2d 692 (1972); In re King, 281 N.C. 533, 189 S.E.2d 158 (1972); King v. Baldwin, 276 N.C. 316, 172 S.E.2d 12 (1970). In so relying, appellants misconstrue the thrust of those cases. When examined with respect to the statutes in effect at the time these cases were decided and with respect to the facts of each case, it is clear that the Court permits a property owner to contest the valuation on the "property of others" only where he is in some way aggrieved by that valuation.
On the record in this case, there has been no showing that the original eleven appellants have been aggrieved by the appraisal of the property of the ninety-nine taxpayers listed in the letter of 6 August 1974. Therefore as to that property this appeal is properly dismissed.
Other questions posed in appellants' brief need not be discussed. It suffices to say that the notice of the adoption of the schedules was published in newspapers having general circulation in Jones County, and the publication complied in all respects with G.S. 105-317(c). Questions raised regarding the adequacy of the notice are now moot since petitioners are not attacking the schedules.
Whether the order of the Property Tax Commission stricking portions of the notice of appeal is correct or erroneous has no legal significance in relation to this appeal and need not be discussed.
For the reasons stated the decision of the Court of Appeals is reversed. This case is remanded to that court for entry of an appropriate order remanding the case to the Superior Court of Wake County with instructions for further remand to the Property Tax Commission. That Commission, in its capacity as the State Board of Equalization and Review, shall hear and adjudicate on its merits the appeal of the eleven original petitioners as provided by G.S. 105-290(b).
REVERSED and REMANDED.