STATE OF NORTH CAROLINA v. JOHNNY RAY STATON

No. 764SC983

(Filed 18 May 1977)

1. **Rape § 5— defendant as perpetrator of crime — sufficiency of evidence**

   Evidence was sufficient for the jury in a rape prosecution where it tended to show that the crime did occur; defendant's height and weight corresponded with the prosecuting witness's description; defendant's palmprint was found on a magazine in the victim's home which the rapist had allegedly moved; and police officers established a chain of custody of the magazine from the time of the crime until the time of the trial.

2. **Criminal Law §§ 34.4, 89— probation officer as witness — credibility — evidence of defendant's prior crimes**

   The trial court in a burglary and rape prosecution did not err in allowing one of the State's witnesses, who testified concerning de-

fendant's whereabouts at the time of the crimes in question, to testify that he was a probation officer, since the witness's occupation was relevant in that it provided a standard for judging his credibility, and its tendency to show that defendant had previously committed a crime was slight.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 31 July 1976 in Superior Court, SAMPSON County. Heard in the Court of Appeals 4 May 1977.

The Sampson County Grand Jury indicted defendant for (1) first degree burglary with intent to commit rape and (2) first degree rape. At the close of the evidence, the court dismissed the charge of first degree rape. The case was given to the jury on proper instructions charging first degree burglary and second degree, or so-called "common law" rape, as well as lesser included offenses. The jury returned verdicts of guilty to non-felonious breaking and entering and second degree rape. Judgment was entered accordingly, and the defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Paul, Rowan & Galloway, by Karen Bethea Galloway, and James V. Rowan, for the defendant appellant.*

ARNOLD, Judge.

There was no error in the denial of defendant's motion for judgment as of nonsuit. It is fundamental that on a motion for judgment as of nonsuit the evidence is considered in light most favorable to the State, and the State benefits from every reasonable inference drawn from the evidence. *State v. Edwards,* 286 N.C. 140, 209 S.E. 2d 789 (1974) ; *State v. Wright,* 27 N.C. App. 263, 218 S.E. 2d 511 (1975). If, when so considered, there is substantial evidence, whether direct, circumstantial, or both, of all the material elements of the crime charged the motion is to be denied and the case submitted to the jury. *State v. Stokesberry,* 28 N.C. App. 96, 220 S.E. 2d 214 (1975).

[1] Defendant concedes that there is evidence of the crime. However, he maintains that there is no evidence to connect him with the crime. We disagree.

The prosecuting witness, a resident of Clinton, testified that she was raped during the night of 1 June 1975, by a man

approximately six feet tall and weighing about 170 pounds with short hair and a dark complexion, perhaps black, perhaps white. The man broke into her home, raped her in the bedroom and, thereafter, forced her into the living room and raped her again. While in the living room her attacker moved a magazine which was lying on the sofa.

Defendant's height and weight corresponded to the prosecuting witness's description. Expert witnesses testified that defendant's palmprint was found on the magazine which the rapist had moved on the sofa. The postmaster from Clinton testified that no more than two postal employees would have touched the magazine while it was in the mail, and that defendant had never been employed by the Clinton post office. Police officers established a "chain of custody" of the magazine from the time of the crime until the time of the trial. This evidence is sufficient to support the jury's verdict that defendant committed the rape.

[2] Defendant also argues that the court erred in allowing one of the State's witnesses to testify as to his occupation, i.e., that he was a probation officer. This witness was called to testify that the defendant told him that he intended to go to Clinton at about the time of the rape and, further, that at that time the defendant had short hair. Defendant argues that the jury would infer that he had a criminal record from the fact that he had spoken to a probation officer, and that the evidence raising this inference violates the rule of *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), which says, "[i]n a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused had committed another distinct, independent or separate offense." *Id.* at 173. We disagree. *McClain* provides that evidence of prior crimes is admissible if its relevance outweighs its prejudicial effect. In the present case the witness's occupation was relevant in that it provided a standard for judging his credibility, and its tendency to show that defendant committed a crime was slight. Moreover, those jurors who inferred from the witness's occupation that the defendant was a parolee would also infer from this that the witness had opportunity and reason to know and remember the defendant's appearance and plans to go to Clinton. All parties in a trial have the right to enhance their witnesses' credibility. In this case the State's attempt to support its witness was more relevant than

prejudicial. The court did not err in allowing the State's witness to testify that he was employed as a probation officer.

The defendant's trial was free of prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.