STATE OF NORTH CAROLINA v. KEVIN W. SNYDER

No. 8312SC399

(Filed 17 January 1984)

1. **Criminal Law § 43; Narcotics § 3.1— competency of photographs as substantive evidence**

    Photographs found in an apartment of which defendant was a co-lessee and in which marijuana was found were properly admitted as substantive evidence to establish defendant's connection with the premises and to establish his *animus* or state of mind with regard to possession and consumption of marijuana. Any error in allowing a witness to speculate as to what the photographs showed was harmless in light of the record as a whole. G.S. 8-97.

2. **Narcotics § 4.3— constructive possession of marijuana in apartment—sufficiency of evidence**

    The State's evidence was sufficient to permit the jury to find that defendant was in constructive possession of marijuana found in an apartment, although defendant was not present when the marijuana was discovered in a search by the police, where it tended to show that defendant and another person co-leased the apartment and both paid the monthly rent; three persons told a State's witness that they purchased controlled substances at the apartment from defendant and the co-lessee; defendant paid rent on the apartment the month of the search; defendant had been present at the apartment on the date of the search; and defendant had several items of personal effects at the apartment.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 16 November 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 30 November 1983.

Defendant appeals from a judgment of imprisonment entered upon his conviction of felonious possession of marijuana with intent to sell and deliver.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Grimes, for the State.*

*Bobby G. Deaver for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in admitting photographs found in an apartment of which he was a co-lessee, and in permitting an officer to speculate as to what they depicted. We hold the photographs properly admitted as substantive evidence having some logical tendency to establish defendant's connection with the premises where the marijuana was found, and to establish his *animus* or state of mind with regard to possession and consumption of marijuana. *See* G.S. 8-97; 1 H. Brandis, North Carolina Evidence § 77 (1982). Since the photographs were admissible as substantive evidence, it was not error to deny defendant's request for limiting instructions. While the photographs, as substantive evidence, spoke for themselves as to what they depicted, in light of the record as a whole we hold that any error in allowing the witness to speculate as to what they showed was harmless.

[2] Defendant contends the court erred in denying his motion to dismiss. In considering the motion

> the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. When there is sufficient evidence, direct or circumstantial, by which the jury could find that the defendant had committed the offense charged, then the motion should be denied.

*State v. Finney*, 290 N.C. 755, 757, 228 S.E. 2d 433, 434 (1976). When the evidence is primarily circumstantial, "the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances." *State v. Spencer*, 281 N.C. 121, 129, 187 S.E. 2d 779, 784 (1972).

There was no evidence here of actual possession. It was nevertheless proper for the court to deny the motion to dismiss if there was evidence sufficient to permit a finding of constructive possession. Our Supreme Court has set forth the standard in this regard as follows:

> Where [illegal drugs] are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss . . . by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.'

*State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E. 2d 706, 714 (1972).

In *Harvey* the Court held the evidence sufficient to overcome a motion to dismiss. The evidence there showed that defendant was in his own home, alone, and within four feet of the marijuana. *Id.* at 13, 187 S.E. 2d at 714.

By contrast, the Court in *State v. Finney*, 290 N.C. 755, 228 S.E. 2d 433 (1976), held that the trial court should have allowed the motion for nonsuit. There, however, the evidence indicated that defendant had not been at the apartment for forty-four days prior to the date the marijuana was seized. Further, there was evidence that defendant had sublet the apartment and gone to Florida a month and a half before the marijuana was found there.

Another case involving controlled substances is *State v. Wells*, 27 N.C. App. 144, 218 S.E. 2d 225 (1975). In *Wells* no one was present when the apartment was searched in August 1974. The evidence, however, showed that defendant had paid the rent in July and August. Further, there was evidence that defendant had been at the apartment at least three days prior to the date of the search. A two week old utility bill in defendant's name was found in the apartment. The Court held that there was sufficient evidence to overcome a motion for nonsuit.

Here, the evidence showed that defendant and one Winters co-leased the apartment where the marijuana was found. Defendant and Winters were together when they picked up the keys.

They indicated that they alone would be residing in the apartment. Both defendant and Winters paid the monthly rent.

A State's witness received complaints regarding two white males selling marijuana out of the apartment. At least three persons told the witness that they purchased controlled substances from defendant and Winters. A month before the marijuana was seized defendant's car was seen parked outside the apartment.

Approximately two hours before the marijuana was seized, a confidential informant went to the apartment and bought marijuana. He informed the officer that the two occupants of the apartment were there, but that one was getting ready to go to a bar. When the officers arrived with a search warrant, only Winters was present. When asked where his roommate was, Winters replied that he had just left to go to a bar. Later that night the officers went to the bar and found defendant there.

During the search the officers found approximately twenty-six bags of marijuana in a closet. Also in the closet were two sets of scales. Throughout the apartment officers found unused portions of marijuana cigarettes. Defendant's automobile title certificate and his photographs discussed above were found on the premises.

Viewing the foregoing evidence in the light most favorable to the State, as required, it shows that defendant had paid rent the month of the search, was present at the apartment on the date of the search, and had several items of personal effects there. Under the foregoing authorities, this established defendant's control over the premises sufficiently to carry the case to the jury. The court thus properly denied the motion to dismiss.

No error.

Judges WEBB and WELLS concur.