STATE OF NORTH CAROLINA v. RUBEN PAYNE AND TILDA PAYNE

No. 8424SC434

(Filed 19 February 1985)

**Narcotics § 4.1— manufacturing marijuana—evidence insufficient**
    Defendants' motions to dismiss charges of manufacturing marijuana should have been granted where the evidence, in the light most favorable to the state, showed that marijuana was found growing on land belonging to the mother of defendant-husband, the defendants had recently begun part-time occupancy of a rundown house located on that land but not within sight of the marijuana fields, there was a series of paths and roads through this area, the fields were from two hundred and fifty to a thousand feet from the house, beer cans, cigarette packs, and a bag of fertilizer of the type used by defendant-husband were found in the fields, the electric service to the house occupied by defendants was issued several weeks earlier in defendant-wife's name, a "residue" of marijuana was found in the unlighted attic of the house, which was not used as a living area, and the S.B.I. neither investigated other houses surrounding the fields nor maintained surveillance of the fields or of vehicles residents of the area saw traveling on roads leading to the fields.

APPEAL by defendants from *Saunders, Judge.* Judgment entered 19 January 1984 in Superior Court, MADISON County. Heard in the Court of Appeals 17 January 1985.

Defendants, husband and wife, were charged with manufacturing marijuana. The State's evidence tended to show the following:

On 11 August 1983 an aerial survey by the State Bureau of Investigation (S.B.I.) revealed several marijuana fields in rural Madison County. An S.B.I. team investigated that area and discovered eight cultivated marijuana fields containing more than two thousand plants. The marijuana was growing on land owned by the mother of defendant-husband. These fields were not visible from the nearby house defendants sometimes occupied while tending a tobacco field and garden. The marijuana was located from two hundred and fifty feet to over one thousand feet from the house, and there were several paths and roads winding through the land surrounding these fields.

S.B.I. agents found empty Miller beer cans in several of the fields, along with two empty Winston cigarette packs and an empty fertilizer sack. An agent testified that defendant-husband smoked a Winston cigarette and drank Miller beer from a can obtained from his refrigerator in the agent's presence. The agent also observed a sack of fertilizer of the type seen in the fields on the porch of the house where defendants were staying. A "residue" of marijuana, less than one-eighth of an ounce, was scattered on the floor of the unlighted attic of the house. The attic was not used as a living area.

The only evidence against defendant-wife was that the electric service for the house, which had been connected a few weeks earlier, was in her name, and that she and defendant-husband occupied the house on a part-time basis.

From judgments entered upon verdicts of guilty, defendants appeal.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Frank G. Queen, Reid G. Brown, and Clarence W. Fowler for defendant appellants.*

WHICHARD, Judge.

Defendants contend the court erred in denying their motions to dismiss. We agree.

Upon a motion to dismiss the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. *State v. Finney*, 290 N.C. 755, 757, 228 S.E. 2d 433, 434 (1976). To withstand the motion, however, there must be substantial evidence of all material elements of the offense. The rule is the same whether the evidence is circumstantial, direct, or a combination. *State v. Stephens*, 244 N.C. 380, 383, 93 S.E. 2d 431, 433 (1956).

Our Supreme Court has considered the sufficiency of evidence to overcome a motion to dismiss in several controlled substance cases. For example:

In *State v. Allen*, 279 N.C. 406, 183 S.E. 2d 680 (1971), the Court held the evidence sufficient where heroin was found in the bedroom of a house with the public utilities listed in defendant's name and there were in that bedroom papers bearing defendant's name. Also, a sixteen-year-old boy had obtained heroin from the house pursuant to defendant's instructions and had sold it at defendant's direction.

In *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972), defendant had been seen on numerous occasions in and around a pig shed containing marijuana, located some twenty yards from his residence, and marijuana seeds were found in his bedroom. The Court held this evidence sufficient to support a reasonable inference that the defendant exercised custody and control over the shed and the marijuana.

In *State v. Minor*, 290 N.C. 68, 224 S.E. 2d 180 (1976), however, the Court held the evidence insufficient. The evidence there tended to show that marijuana was found growing one hundred feet away from a house where defendant was assisting a friend in preparing a garden. The field could not be seen from the house and was accessible by three different paths. The defendant was riding in an automobile with his friend when marijuana was found on the floorboard and in the trunk. The Court stated, "The most the State has shown is that defendant had been in an area where he could have committed the crimes charged. Beyond that

State v. Payne

we must sail in a sea of conjecture and surmise. This we are not permitted to do." *Minor* at 75, 224 S.E. 2d at 185.

The present case most nearly resembles *Minor*, and we find *Minor* controlling. The evidence, in the light most favorable to the State, shows that marijuana was found growing on land belonging to the mother of defendant-husband. The defendants recently had begun part-time occupancy of a run-down house located on that land but not within sight of the marijuana fields. There was a series of paths and roads through this area and the fields were from two hundred and fifty to a thousand feet from the house. The only evidence that could link defendant-husband to the fields consisted of beer cans and cigarette packs of the brands he used and a bag of fertilizer of the type he used. The only evidence that could link defendant-wife to the fields was that electric service to the house she and defendant-husband occupied was issued several weeks earlier in her name. A "residue" of marijuana also was found in the unlighted attic of the house. Defendants did not use the attic as a living area.

The S.B.I. neither investigated other houses surrounding these fields nor maintained surveillance of the fields or of the vehicles residents of the area saw travelling on roads leading to the fields.

The foregoing evidence is insufficient to establish actual or constructive possession of the fields by either defendant. It raises only suspicion or conjecture, and "[i]f the evidence is sufficient only to raise a suspicion or conjecture as to . . . the identity of . . . defendant[s] as the perpetrator[s] [of the offense], the motion [to dismiss] should be allowed." *State v. Powell*, 299 N.C. 95, 98, 261 S.E. 2d 114, 117 (1980).

Reversed.

Chief Judge HEDRICK and Judge PARKER concur.